# Welch v. The State.

*Indictment for Assault With Intent to Murder.*

1. *Request for affirmative charge when trifling with the court.*— The request for the affirmative charge for the defendant in a case of assault with intent to murder, is a palpable trifling with the court when the evidence of two witnesses for the State go directly and positively to sustain every element of a most vicious and blood-thirsty assault with intent to murder.

2. *Confused charge properly refused.*—A charge which is confused and unintelligible in part, and in other part asserts an untenable proposition of law, is properly refused.

3. *Self-defense; when ground of exists.*—Before an acquittal can be had on the ground of self-defense it must appear that the defendant was free from fault in bringing on the difficulty; reasonably free will not do.

4. *Same; charge on when bad.*—A charge on self-defense in case of assault with intent to murder is properly refused to the defendant, which pretermits the imminency of defendant's peril and the absence of opportunity of retreat, and postulates instead thereof that he struck in self-defense.

5. *When charge on circumstantial evidence bad.*—A charge on circumstantial evidence is properly refused to the defendant when the whole evidence is from the mouths of eye-witnesses and goes directly and positively to the details of the difficulty.

APPEAL from Henry Circiut Court.

Tried before Hon. J. C. RICHARDSON.

Steve Welch and Maston Welch were jointly tried for assault with intent to murder. Maston Welch was acquitted.

The charges refused to the defendants are as follows:

"2. Before the jury can reach a conviction in this case for assault with intent to murder, they must believe from the evidence beyond a reasonable doubt and to a moral certianty that the defendants with malice aforethought and with premeditated design tried to kill Cox. That they failed to justify in any particular for their acts proven."

"3. If the defendant Steve Welch was reasonably free from fault in bringing on the difficulty, and the jury believe from the evidence that the licks struck by the defendant Welch was done in self-defense then the jury should acquit the defendant Steve Welch."

4. "The defendant Steve Welch had a right to strike even to death provided he was free from fault in bringing on the difficulty, and struck only in self-defense."

R. H. WALKER, for appellant.—Charge 2 should have been given.—*Hadley v. State,* 55 Ala. 31; *Jackson v. State,* 74 Ala. 26; *Flannagan v. State,* 46 Ala. 703; *Miller v. State,* 54 Ala. 155; *Coleman v. State,* 59 Ala. 52; *Winslow v. State,* 76 Ala. 42. Chare 3 should have been

[Welch v. The State.]

given.—*Hughey v. State*, 47 Ala. 97; *Lewis v. State*, 51 Ala. 1; *Eiland v. State*, 52 Ala. 322; *Myers v. State*, 62 Ala. 599. Charge 4 should have been given.—*De Arman v. State*, 71 Ala. 351; *Mattison v. State*, 55 Ala. 224; *Allen v. State*, 6 Ala. 19; *Cross v. State*, 63 Ala. 40.

Charge 5 should have been given.—*Faulk v. State*, 52 Ala. 415; *Banks v. State*, 72 Ala. 522; *Bland v. State*, 75 Ala. 574.

CHAS. G. BROWN, Attorney-General, for the State. Charge 2 is erroneous and confusing.—*Washington v. State*, 53 Ala. 29; *Mederith v. State*, 60 Ala. 441; *Allen v. State*, 52 Ala. 391.

Charge 4 not correct.—*Rogers v. State*, 22 So. Rep. 666; *Miller v. State*, 107 Ala. 40.

McCLELLAN, C. J.—The request for the affirmative charge for the defendant in this case was a palpable trifling with the court, the evidence of two witnesses for the State going directly and positively to establish every essential element of a most vicious and blood-thirsty assault with intent to murder.

The second charge is confused and unintelligible in part, and in other part asserts the wholly untenable proposition that to constitute an assault with intent to murder there must not only be malice, but also premeditated design.—*Meredith v. State*, 60 Ala. 441.

Before an acquittal can be had on the ground of self-defense, it must appear that the defendant was free from fault in bringing on the difficulty, not merely that he was *reasonably* free from fault as is hypothesized in the third charge refused to the defendant.—*Dennis v. State*, 118 Ala. 72. This charge may be open also to other objections.

The fourth charge refused to the defendant is bad for pretermitting the imminency of defendant's peril and the absence of opportunity to retreat, and postulating instead thereof that he "struck in self-defense."—*Miller v. State*, 107 Ala. 40; *Rogers v. State*, 117 Ala. 9.

Charge 5 refused to the defendant is as follows: "A conviction should not be had upon circumstantial evidence, if positive evidence is attainable, or before the

[Morris v. The State.]

jury." This is not the law; and if it were, the charge has no place in a case like this, where the whole evidence is from the mouths of eye-witnesses to the occurrence and goes not circumstantially or inferentially but directly and positively to the details of the difficulty.

Affirmed.

