[Wood v. The State.]

# Wood v. The State.

*Indictment for assault with intent to Murder.*

| 128 | 27 |
| 128 | 57 |
| 128 | 27 |
| 134 | 125 |
| 128 | 27 |
| 141 | 61 |
| 128 | 27 |
| 143 | 83 |

1. *Assault with intent to murder; when one intervenes pending difficulty in behalf of another occupies his position as to self-defense.*—On a trial under an indictment for assault with intent to murder, where it is shown that the defendant intervened in a pending difficulty in behalf of his brother, the defendant occupies the position of his brother in respect of fault in bringing on the difficulty, and he cannot defend upon the ground that his brother was in imminent and deadly peril, and could not·retreat, unless the latter could have defended on that ground had he assaulted his assailant or killed him.

2. *Same; same; admissibility of evidence.*—On a trial under an indictment for assault with intent to murder, where it is shown that the defendant intervened in a pending difficulty between his brother and the person assaulted, the testimony of the person assaulted that the defendant's brother approached him with his hand in his pocket, and stated that "He came to see him about what the witness did to him the day before in the difficulty," is admissible in evidence; and the fact that the defendant did not hear this remark and was not, when he intervened, aware of any fault of his brother in bringing on the difficulty, does not render such testimony inadmissible.

3. *Same; admissibility ·of evidence of former difficulty.*—On a trial under an indictment for an assault with intent to murder, where it is shown that the defendant intervened in a pending difficulty between his brother and the person assaulted, and that there had been a difficulty between the brother and the person assaulted on the day before, it is not permissible to introduce in evidence the particulars of such previous difficulty.

4. *Same; essentials of offense.*—It· is not essential for the conviction of an assault with intent to murder that the defendant acted deliberately·and with premeditation; and charges which authorize the acquittal of the defendant unless the jury have a reasonable doubt, from the evidence, that the defendant acted deliberately and with premeditation, are erroneous, and properly refused.

[Wood v. The State.]

APPEAL from the Criminal Court of Jefferson.

Tried before the Hon. SAMUEL E. GREENE.

Felix Wood, the appellant, and Marion Wood, together with four others, were jointly indicted for an assault with intent to murder one John A. Brooks. The appellant was convicted of the offense charged, and sentenced to the penitentiary for a term of ten years.

On the trial of the cause, it was shown that John A. Brooks, the person alleged to have been assaulted, was the conductor of a street car, which ran from Birmingham to East Lake, and that on the day before the offense charged was committed, John A. Brooks and Marion Wood, brother of the defendant Felix Wood, had a difficulty; and, on the day of the assault complained of, Marion Wood boarded the car upon which Brooks was conductor on Twenty-second street in Birmingham, and that Felix Wood and the other person jointly indicted with him, boarded the car on Twenty-fourth street, and they all went to East Lake on said car; that Felix Wood, when he boarded the car, carried a Winchester rifle with him, in a canvass case; that upon reaching East Lake, the defendant and the persons with him alighted from the car; that Marion Wood went up to Brooks, and, after a few words between them, Brooks and Marion Wood drew their pistols and began firing at each other. At this time defendant, Felix Wood, who was standing some twenty-five or thirty feet away, and who had taken his rifle from its cover during the conversation between Marion Wood and Brooks, fired upon said Brooks with the rifle.

During the examination of John A. Brooks, as a witness, for the State, he was asked the following question: "What did Marion Wood say to you, when he came to the rear of the car at East Lake?" The defendant objected to this question upon the ground that it called for irrelevant and immaterial evidence. The court overruled the objection, and defendant duly excepted. In answer to the question the witness stated that as Marion Wood came up to him he said to the witness: "I came to see you about what you did to me yesterday." Witness then further testified that at that time Marion Wood had his hand in his coat pocket,

and that the witness stated to him: "If you want to talk to me, take your hand out of your pocket"; and that he saw what appeared to be and was a pistol in the hands of Marion Wood; that said Wood spoke in an ordinary tone of voice, and that as Felix Wood, the defendant, was twenty-five or thirty feet away, the witness could not say whether defendant heard what passed between them or not. The defendant then moved the court to exclude statement made by Marion Wood, as witness, upon the grounds that it was hearsay evidence, and irrelevant and immaterial evidence. The court overruled the motion, and defendant duly excepted.

Upon cross examination of witness (Brooks) the defendant asked him several questions seeking to disclose the particulars of the previous difficulty between said Brooks and Marion Wood. To each of these questions the State objected; the court sustained the objection, and the defendants separately excepted to each of such rulings.

The testimony for the defendant tended to show that John A. Brooks fired upon Marion Wood without provocation; that the defendant, who was the brother of Marion Wood, but who knew nothing of the particulars of the controversy between him and said Brooks, fired his rifle when Brooks shot at his brother, but that he did not aim the rifle at Brooks and did not shoot until Brooks had quit shooting at his brother and shot at the defendant twice.

The defendant testified that the first thing he saw after his brother, Marion Wood, went up to Brooks, Brooks had pulled his pistol and was firing at his brother, who, at that time, had not made any demonstration towards Brooks; and that he, the defendant, did not hear any of the conversation between Brooks and his brother.

Upon the introduction of all the evidence the defendant requested the court to give the jury the following charges and the defendant severally excepted to the refusal to give each of them as asked:

(1.) "If the jury believe from the evidence that the defendant, seeing his brother Marion Wood in a desperate encounter with Brooks, shot at Brooks for the purpose of defending his brother, without knowing the origin of the difficulty, the jury may consider these facts in de-

termining whether the defendant acted maliciously, premeditatedly, and deliberately or justifiably."    (2.) "If the jury believe all the evidence they can not convict the defendant of an assault with intent to murder."    (3.) "The court charges the jury that defendant was not bound to inquire into the origin of the difficulty between his brother and Brooks, but had the right to act from appearances." (4.) "The court charges the jury that defendant would not be guilty as charged in the indictment if when he finds his brother was apparently in danger of death or great bodily harm, at the hands of Brooks." (5.) "If the jury have a reasonable doubt from the evidence of any one of the following propositions being true, they must acquit him of an assault with intent to murder: 1st. That the defendant acted maliciously. 2d. That he acted deliberately. 3d. That he acted with premeditation."

No counsel marked as appearing for the appellant.

CHARLES G. BROWN, Attorney-General, for the State, cited *Jordan v. State*, 81 Ala. 30; *Amos v. State*, 83 Ala. 1; *Tanner v. State*, 92 Ala. 1; *Stewart v. State*, 78 Ala. 436 and authorities cited; *Gibson v. State*, 91 Ala. 69-70; *Whatley v. State*, 91 Ala. 111-112; *Welch v. State*, 27 So. Rep. 307; *Lawrence v. State*, 84 Ala. 424.

McCLELLAN, C. J.—One who intervenes in a pending difficulty in behalf of a brother and takes the life of the other original combatant stands in the shoes of the brother in respect of fault in bringing on the difficulty, and he cannot defend upon the ground that his brother was in imminent and deadly peril and could not retreat, unless the latter could have defended upon that ground had he killed his assailant. Hence in such cases it is a material inquiry whether defendant's brother was at fault in bringing on the difficulty with the deceased, and the same doctrine obtains, of course, where the charge is assault with intent to murder; and as bearing upon this inquiry presented in the case at bar the court properly admitted the testimony of Brooks to the effect that Marion Wood approached him with his hand in his pock-

et and apparently on a pistol and said : "I came to see you about what you did to me yesterday." It is of no consequence that Felix Wood, the defendant, did not hear this remark and was not, when he intervened, aware of any fault on the part of Marion in bringing on the difficulty: He entered into the combat at his own peril. *Gibson v. State,* 91 Ala. 64; *Whatley v. State,* 91 Ala. 108; *Karr v. State,* 106 Ala. 1. Upon this principle, as well as for other considerations, charges 1, 3 and 4 were properly refused to the defendant. Moreover, the evidence referred to was clearly admissible upon the further grounds, first, that it was of the *res gestae* of the main fact; and, second, there was other evidence from which the jury might have found that the difficulty was the result of a conspiracy between Marion Wood, the defendant and others to assault and kill Brooks.

The trial court did not err in excluding testimony going to the particulars of the previous difficulty between Brooks and Marion Wood.—*Stewart v. State,* 78 Ala. 436.

Charge 5 was properly refused. It is not essential to a conviction of an assault with intent to murder that the defendant acted deliberately and with premeditation. *Meredith v. State,* 60 Ala. 441;. *Lawrence v. State,* 84 Ala. 425; *Welch v. State,* 124 Ala. 41; *Gilmore v. State,* 126 Ala. 21.

The affirmative charge was of course properly refused to defendant, there being evidence tending to prove every averment of the indictment and the plea being "not guilty."

Affirmed.


