# Smith *v*. The State.

*Indictment for Assault With Intent to Murder.*

1. *Assault with intent to murder; charge as to assault to commit murder.*—On a trial under an indictment charging an assault with intent to murder, a charge requested by the defendant, which instructs the jury "that they cannot find the defendant guilty of an assault to commit murder," etc., is misleading and properly refused, in that it describes an offense different from the one charged in the indictment.

2. *Same.*—On a trial under an indictment charging an assault with intent to murder, a charge requested by the defendant, which instructs the jury that they should acquit the defendant unless they believe beyond all reasonable doubt "that the defendant premeditatedly and with malice aforethought assaulted" the person named in the indictment, is erroneous and properly refused; premeditation not being an essential element of the offense of an assault with intent to murder.

3. *Charge of court to jury; properly refused when contains a meaningless expression.*—In the trial of a criminal case, charges requested by the defendant which, among other things, instruct the jury that "the only burden on the defendant is the burden of going forward with the testimony," are properly refused, such expression being meaningless.

4. *Argumentative charges are properly refused.*

APPEAL from the City Court of Anniston.

Tried before the Hon. THOMAS W. COLEMAN, JR.

The appellant in this case, George Smith, was indicted, tried and convicted for assault with intent to murder.

Inasmuch as the only questions presented for review on the present appeal arise from the court's refusal to give the several charges requested by the defendant, it is unnecessary to set out the facts of the case in detail.

Upon the introduction of all the evidence, the defendant requested the court to give to the jury the following written charges, and separately excepted to the court's refusal to give each of them as asked: (1.) "The court charges the jury that they cannot find the

defendant guilty of an assault to commit murder unless they are satisfied from the evidence, beyond all reasonable doubt, that if death had ensued from the assault, the defendant would have been guilty of murder in either the first or second degree." (3.) "Before the jury can convict the defendant, as charged in the indictment, they must believe beyond all reasonable doubt, that the defendant premeditatedly and with 'malice aforethought, assaulted Young Collins, with the intent to unlawfully and maliciously kill the said Young Collins." (5.) "The court charges the jury that the law presumes the defendant innocent until he is proven guilty beyond all reasonable doubt and that the burden is on the State to show his guilt beyond a reasonable doubt, and this burden is with the State from the beginning to the end of the trial, and never shifts to the defendant; the only burden on the defendant being the burden of going forward with the testimony." (6.) "The court charges the jury that the burden is on the State to prove the defendant guilty, as charged in the indictment, beyond all reasonable doubt, and this burden never shifts to the defendant; the only burden on the defendant being the burden of going forward with the testimony." (7.) "The court charges the jury that it is not the policy of the law to punish the guilty, but that the policy of the law is to protect the innocent."

HARVEY A. EMERSON, for appellant, cited *Lawrence v. State,* 84 Ala. 425; *Walls v. State,* 90 Ala. 618; *Henson v. State,* 112 Ala. 41; *Martin's case,* 119 Ala. 1; *Whitten v. State,* 115 Ala. 72; *Wharton v. State,* 73 Ala. 366; *Albritton v. State,* 94 Ala. 76; *Prince v. State,* 100 Ala. 144.

MASSEY WILSON, Attorney-General for the State, cited *Wood v. State,* 128 Ala. 27, 31; *Wharton v. State,* 73 Ala. 366; *Barnes v. State,* 111 Ala. 56; *Perry v. State,* 87 Ala. 30.

DOWDELL, J.—The defendant was tried and convicted of an assault with intent to murder. The only

questions presented for our consideration grow out of the refusal of the trial court to give certain written charges requested by the defendant, numbered 1, 3, 5, 6, and 7.

The offense charged in the indictment, viz., an assault with intent to murder, was at common law a misdemeanor, also an assault to commit murder.—*Simpson v. State,* 59 Ala. 1. By our statute the former, that is, an assault with *intent* to murder, has been made a felony, while the latter, an assault to commit murder, remains as it was at common law, a misdemeanor.

Charge 1 requested by the defendant, in the employment of the words "assault to commit murder," describes an offense different from the one charged in the indictment, and was, therefore, misleading in its tendency, and for this reason, if no other, was properly refused.

Refused charge 3 is bad. Premeditation is not a necessary element in the offense of an assault with intent to murder.—*Wood v. State,* 128 Ala. 27.

The clause in the charges numbered 5 and 6, xiz., "the only burden on the defendant being the burden of going forward with the testimony," was enough to condemn them. The law in the first place imposes no such burden, and the clause when analyzed is meaningless. The burden "of going forward with the testimony," for what purpose and to what end? If it means anything, it would seem to mean, the burden of going forward with the testimony for the purpose of proving defendant's innocence, certainly not his guilt, and this would imply a shifting of the burden of proof from the State to the defendant, which would be in contradiction of what is stated in the first part of the charge. These charges, therefore, were for the reason stated, if no other, faulty, and were properly refused.

Charge 7 is clearly argumentative, and was properly refused.

There being no error in the record, the judgment will be affirmed.

Affirmed.