# Kelly v. The State.

### Assault with a Weapon.

(Decided August 1, 1916.  72 South. 573.)

1. **Assault With Intent to Kill; Evidence.**—The evidence examined and held to make a case for the jury as to whether defendant is guilty of an assault with an intent to murder.

2. **Same.**—Deliberation and premeditation are not essential elements of the offense of an assault with intent to murder.

3. **Witnesses; Impeachment.**—If a jury believes from the evidence that a witness has willfully sworn falsely as to a material matter, it may disregard all of his testimony.

APPEAL from Chambers Circuit Court.

Heard before Hon. S. L. BREWER.

Alex Kelly was convicted of an assault with a weapon, and he appeals. Reversed and remanded.

See, also, 13 Ala. App. 39, 68 South. 675.

The facts sufficiently appear. The following charges were refused to defendant: (1) General affirmative charge; (2) affirmative charge as to assault with intent to murder; (3) affirmative charge as to assault and battery; (4) affirmative charge as to an assault.

(6) You must be convinced beyond a reasonable doubt from the evidence in the case that defendant did, with deliberation and premeditation and with malice aforethought, fire the shot with the intention to take the life of Robertson before you can convict him for the offense charged in the indictment.

(10) If you are reasonably satisfied from the evidence that Rhody Combs swore willfully false about any material matter in this case, then you may disregard her entire testimony if you think proper to do so.

(11) If you believe that Tom Mathis swore falsely and corruptly about any material thing about which he testified, then you may disregard his entire evidence in this case.

R. J. HOOTEN, for appellant. W. L. MARTIN, Attorney General, and P. W. TURNER, Assistant Attorney General, for the State.

[Kelly v. The State.]

BROWN, J.—The appellant was tried under an indictment charging the offense of assault with intent to murder, and was convicted of an assault with a weapon. His contention here is that the evidence adduced by the state shows without room for adverse inference that the shot was fired to scare the prosecutor, Eugene Roberts, and without any intention of doing him corporal hurt—otherwise stated, that he did not shoot at him, but shot into the air at a time when the prosecutor was not within range on account of an intervening building. The undisputed evidence shows, if the shot was fired at Roberts at all, it passed over him. As we read the record, the evidence of the state tends to show that before the occurrence on which this prosecution is predicated, the defendant threatened to kill the prosecutor, and the witness Flournoy testified that while he was standing talking to the defendant and his companions, the prosecutor came in sight, and the defendant said, "Who's that yonder?" and he said, "I don't know." Defendant said, "I am going to shoot at him." Witness said, "Don't shoot;" and when he shot he jumped up and run. He shot with a pistol.

(1, 2) In view of the tendencies of the evidence, the case was for the jury, and charges 1, 2, 3, and 4 were well refused. Charge 6 was properly refused. Deliberation and premeditation are not essential elements of the offense of an assault with intent to murder.—*Welch v. State,* 124 Ala. 41, 27 South. 307.

(3) The court erred in refusing charges 10 and 11, requested by the defendant.—*Reynolds v. State,* 196 Ala. 586, 72 South. 20; *McClellan v. State,,* 117 Ala. 140, 23 South. 653; *Parham v. State,* 147 Ala. 57, 42 South. 1; *Ala. Steel & Wire Co. v. Griffin,* 149 Ala. 423, 42 South. 1034.

For the errors pointed out, let the judgment be reversed, and the cause remanded.

Reversed and remanded.