(84 South. 775)

WILLIAMS v. STATE. (2 Div. 219.)

(Court of Appeals of Alabama. April 13, 1920.)

CRIMINAL LAW ☞1094—JUDGMENT AFFIRMED AFTER EXPIRATION OF TIME FOR FILING BILL OF EXCEPTIONS.

Where appeal is on record proper without bill of exceptions, and record shows regular proceedings, and judgment of conviction and sentence imposed in due form, and time for presentation and filing of bill of exceptions has expired, judgment will be affirmed.

Appeal from Circuit Court, Marengo County; A. B. Foster, Judge.

Flemmie Williams was convicted of manslaughter, and appeals. Affirmed.

J. Q. Smith, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

MERRITT, J. The defendant, a woman, was indicted for murder. She was tried and convicted of the offense of manslaughter in the first degree, and was duly sentenced to the penitentiary for a term of two years.

The appeal here is on the record proper, without a bill of exceptions, and the record shows regular proceedings and judgment of conviction, finding the defendant guilty of manslaughter in the first degree, following the verdict of the jury; it also shows a sentence imposed upon the defendant in due form. The certificate of the clerk of the court shows that the time for presentation and filing of the bill of exceptions has expired.

The record is free of error, and the judgment of the lower court is affirmed.

Affirmed.

(85 South. 828)

FOWLER v. STATE. (8 Div. 705.)

(Court of Appeals of Alabama. April 13, 1920.)

1. CRIMINAL LAW ☞473 — PHYSICIAN MAY TESTIFY TO RELATIVE POSITION OF ARTERIES AND VEINS, ETC.

In a prosecution for assault to murder, where it was shown the wound on the party assaulted was on the neck close to the jugular vein, testimony of a physician as to the relative position of the arteries and veins in the neck, and the dangerous character of the wound, was admissible.

2. HOMICIDE ☞174(1) — INQUIRIES AFTER WOUNDED MAN BY DEFENDANT, CHARGED WITH ASSAULT, ADMISSIBLE.

In a prosecution for assault to murder, testimony of physician, to whom wounded man was carried for medical attention, that defendant came about 10 minutes after and made inquiry as to the seriousness of the wound, held admissible to show a consciousness of guilt in defendant, uninfluenced by hope or fear.

Appeal from Circuit Court, Franklin County; C. P. Almon, Judge.

Ollie Fowler was indicted and convicted on a charge of assault to murder, and he appeals. Affirmed.

No counsel marked as appearing for appellant.

J. Q. Smith, Atty. Gen., for the State.
No brief reached the Reporter.

SAMFORD, J. [1] It having been shown that the wound on the party assaulted was on the neck, in close proximity to the jugular vein, it was relevant and proper to prove by the physician the relative positions of the arteries and veins in the neck and the dangerous character of the wound. The court did not err in its various rulings on the admissibility of evidence touching the question.

[2] It was competent to prove by the physician to whom the wounded man was carried for medical attention, that defendant came to his house about 10 minutes after the wounded man had been brought there, and, not being under arrest, and without accusation having been made against him, made inquiry as to the seriousness of the wound. It having been shown that the defendant was not influenced by hope or fear, it was competent for the state to prove declarations, made by the defendant a short time after the difficulty, tending to show a consciousness of guilt. Thomas v. State, 139 Ala. 30, 36 South. 734; Washington v. State, 106 Ala. 58, 17 South. 546.

We find no error in the record, and the judgment is affirmed.

Affirmed.