(139 So. 299)

### LEDBETTER v. STATE.
### 6 Div. 33.

Court of Appeals of Alabama.
Jan. 19, 1932.

J. B. Powell, of Jasper, for appellant.

Thos. E. Knight, Jr., Atty. Gen., for the State.

SAMFORD, J.

The defendant was indicted on a charge of assault with intent to murder and on his trial was convicted of assault and battery.

The insistences of error here made are: (1) That the additional sentence of six months at hard labor fixed by the court is void; (2) the examination of the physician attending the injured party as to the details and extent of the wounds and the effect of the wounds on the brain of the assaulted party, and how long he remained in the hospital as a result of such wounds, called for evidence illegal and immaterial; (3) the affirmative charge should have been given at the request of defendant for that the indictment charged an assault upon Clarence Higgins, or other name to the grand jury unknown, while it appears from the bill of exceptions that the assaulted party was named Raymond Higgins. As to (1) the material part of the sentence is as follows: "It is accordingly the order and judgment of the court and the sentence of the law that the defendant perform hard labor for Walker County for six months, and it being made to appear to the court that the defendant being in default of payment of the fine and costs, and failing to secure the same, it is the further order and judgment of the court that the defendant perform hard labor for Walker County, for a term of ninety days to pay the fine of $250.00 and 118 days to pay the costs amounting to $88.44 being at the rate of seventy five cents a day." This sentence, while not exactly in the usual form, sufficiently sentences the defendant to consecutive terms for fine, costs, and additional punishment as fixed by the court. In this state the policy of the law is for consecutive terms on conviction for crime, unless expressly limited by the judgment of the court. Code 1923, §§ 3687 and 5290. (2) It was not error for the court to permit the state to prove by the physician attending the injured party the extent of the injury and the duration of the recovery. Holmes v. State (Ala. Sup.) 39 So. 569; Jackson v. State, 19 Ala. App. 339, 97 So. 260; Harmon v. State, 48 Fla. 44, 37 So. 520; Moye v. State, 22 Ala. App. 456, 117 So. 153.

(3) The contention of appellant in this particular is not borne out of the record. The witness Boteler testified that the party assaulted was Clarence Higgins, while the only other reference to the Christian name of Higgins was a recital in the bill of exceptions as follows: "Raymond Higgins, a witness for the State, being duly sworn and examined testified as follows." There is in the testimony of this witness no reference to his Christian name. The testimony of Boteler identifies the assaulted party as Clarence, while the testimony of Raymond Higgins does not relate to a name at all. Under the evidence it may well be inferred that if the assaulted was really named Raymond, he was also known and called by the name of Clarence.

We find no error in the record, and the judgment is affirmed.

Affirmed.