24 So.2d 453

## STRATFORD v. STATE.

### 4 Div. 773.

Court of Appeals of Alabama.

Jan. 15, 1946.

A. L. Patterson, of Phenix City, for appellant.

Wm. N. McQueen, Atty. Gen., and Frank N. Savage, Asst. Atty. Gen., for the State.

HARWOOD, Judge.

On 10 September 1942 appellant was indicted by a grand jury of Russell County for assaulting Jonnie Lindsey with intent to murder her. He was tried and convicted on 16 November 1942 and sentenced to three years in the penitentiary.

The trial court properly overruled appellant's demurrer to the indictment against him, same being in the form prescribed by Section 259, form 16, Title 15, Code of Alabama 1940.

His demurrer to the indictment being overruled appellant filed two pleas in the trial below:

1. Not guilty.

2. That the prosecution was barred by the Statute of Limitations of three years.

Jonnie Lindsey testified that in the early morning hours 7 May 1940 the appellant forcibly broke into her home and after beating her with his fists pulled his knife and cut her about the head and on the back. She was confined to her bed afterward for about three weeks. The day following the affray she procured a warrant for appellant.

Willie Ransom, who lived next door to Jonnie, testified that she witnessed part of the assault, and that it took place in May, about two years previously.

Two police officers of Phenix City also testified that they had reports of the alleged assault shortly after it occurred, "in May or June—1940," or "in the Spring" two years before the trial. Albert Fuller, a deputy sheriff, obtained a warrant for the appellant a day or two after the alleged assault, and the warrant was dated 8 May 1940. All three officers had made diligent search for the appellant after the alleged assault, but he could not be found until he was apprehended on 5 May 1942.

In his testimony the defendant denied that he had assaulted Jonnie on 7 May 1940. The scars on her head he said were from the time he hit her over the head with a brick at the Elks Rest over in Columbus, Georgia. The scars in her back were from some cuts he inflicted on her, admittedly in Alabama, but in 1938. The relations between appellant and Jonnie Lindsey have apparently extended over several years. Turbulence seems to have been the predominant factor of their association, for on cross examination appellant stated that "a lot of times he had beat up that woman and cut her," and that "there couldn't be a Friday night they didn't have a fight." Since 1938 though he was positive he had never harmed her in Alabama. The jury apparently concluded, and we think correctly, the appellant's testimony along this line was influenced more by jurisdictional than geographical and chronological aspects.

Several adverse rulings to objections interposed by appellant as to the admissibility of certain evidence, with exceptions reserved, were made during the trial below. These rulings were in our opinion correct in every instance, and no discussion is indicated. Likewise under the evidence as above set out the action of the trial court in refusing the written affirmative charge requested by appellant and in denying appellant's motion for a new trial was entirely free from error.

Affirmed.