41 So.2d 417

## BUFFALOW v. STATE.
### 4 Div. 54.

Court of Appeals of Alabama.
April 19, 1949.

Rehearing Denied May 10, 1949.

E. C. Boswell and Jas. A. Mulkey, both of Geneva, for appellant.

A. A. Carmichael, Atty. Gen., and Bernard F. Sykes, Asst. Atty. Gen., for the State.

**CARR, Judge.**

The appellant was convicted of the offense of assault with intent to murder.

■■ The indictment followed the form prescribed by Subsec. 16, Sec. 259, Title 15, Code 1940. It is sufficient against interposed demurrers. Stratford v. State, 32 Ala.App. 249, 24 So.2d 453; Barber v. State, 23 Ala.App. 584, 129 So. 492.

■ The defendant filed a motion for an order to the circuit solicitor to furnish him a bill of particulars. By this proceeding the appellant sought to have declared the means by which the alleged offense had been committed, specifically "whether by cutting, shooting or striking." The court overruled the motion. We reviewed this identical question in the case of Danley v. State, ante, p. 412, 41 So.2d 414. On the authority of that case we again hold that the motion was properly denied.

There is no necessity to go into a detailed discussion of the facts. Unquestionably the factual issues presented a jury question. This is frankly admitted in brief of appellant's counsel.

■ The evidence introduced by the State amply supported the verdict of the jury, and the court cannot be cast in error in his action in denying the motion for a new trial.

There are comparatively few questions presented which relate to rulings during the introduction of the evidence.

■ While the physician who treated the injured party was testifying, the court allowed the solicitor to have the doctor point out to the jury on the body of the prosecuting witness the locations of the knife wounds. During this demonstration the injured person did not make any statement. We certainly do not see any impropriety in this method of explaining to the jury the locations of the various wounds. Clearly it addressed itself to the sound discretion of the trial judge, and in this case no abuse is evident.

■ The attending physician was allowed to state that in his opinion the inflicted wounds were dangerous to the life of the prosecuting witness. The doctor's qualifications were admitted. The extent and nature of these wounds related to matters of material inquiry. Fowler v. State, 17 Ala. App. 415, 85 So. 828; Ledbetter v. State, 24 Ala.App. 583, 139 So. 299.

Counsel interposed objections to a portion of the court's oral charge. He stated: "We want to object to that portion of the oral charge where the Court charged the jury that the defendant had to be in imminent danger at the hands of the prosecuting witness in order to invoke the doctrine of self-defense."

■ We have held that an "objection" to part of an oral charge is not equivalent to an "exception." Roberson v. State, 25 Ala.App. 270, 144 So. 371; Garrett v. State, 33 Ala.App. 168, 31 So.2d 151.

■ This aside, the "objection" referred to a part of the charge only in descriptive terms. This is not sufficient for review. Allford v. State, 31 Ala.App. 62, 12 So.2d 404; Corder v. State, 32 Ala.App. 584, 28 So.2d 651; J. R. Watkins Co. v. Goggans, 242 Ala. 222, 5 So.2d 472.

Counsel stated also: "On that particular point. We have one other matter. You charged the jury, I think, that it only applies to an assault and battery and an assault, but your Honor charged that the defendant in order to invoke the doctrine of self-defense must not fight willingly and must not strike a blow in mutual combat. We desire to except to that portion of the charge on the theory that he was in his place of business and he had a right to use such force as was necessary to protect his business, even to the extent of doing that willingly or strike a blow in mutual combat if it became necessary to protect his place of business."

It is very likely that this exception is not sufficiently specific to invoke review. Authorities, supra.

Be this as it may, we do not think that this is a misstatement of the applicable law when it is taken and considered in connection with the entire oral charge. Holladay v. State, 20 Ala.App. 76, 101 So. 86; Dempsey v. State, 15 Ala.App. 199, 72 So. 773.

In this aspect the court instructed the jury as follows: "The rule as to retreat does not apply, regardless of where he is, in a charge of an assault and battery, or an assault. In such case, the defendant is under no duty to retreat. He may stand and repel force with force, using only so much force as is reasonably necessary to that end, and not using greater force than is necessary."

Written instruction number 7 was the only charge refused to the appellant. Premeditation is not an essential element of assault with intent to murder. Therefore this charge is an incorrect statement of the law. Williams v. State, 18 Ala.App. 573, 93 So. 284; Kelly v. State, 15 Ala.App. 63, 72 So. 573; Smith v. State, 141 Ala. 59, 37 So. 423.

We have herein responded to all presented questions which merit our discussion.

It is ordered that the judgment of the court below be affirmed.

Affirmed.

BRICKEN, P. J., not sitting.