41 So.2d 414

### DANLEY v. STATE.

### 4 Div. 55.

Court of Appeals of Alabama.
April 19, 1949.

Rehearing Denied May 10, 1949.

R. S. Ward and E. C. Boswell, both of Geneva, for appellant.

A. A. Carmichael, Atty. Gen., and Jas. L. Screws, Asst. Atty. Gen., for the State.

414

CARR, Judge.

The indictment in this case is as follows:

"The Grand Jury of said County charge that before the finding of this Indictment that Casey Danley, alias Casey Dannelley, alias Casey Danelley, and Franklin Holley, whose names respectively are not otherwise known to the grand jury, unlawfully and with malice aforethought, did assault John Merritt, alias John Merrett, alias John Meritt, with intent to murder him, against the peace and dignity of the State of Alabama."

We have for consideration the appeal incident to the conviction of Casey Danley. The jury found him guilty of assault with intent to murder.

■■ Demurrers were overruled to the indictment. It follows the form prescribed by Subsec. 16, Sec. 259, Title 15, Code 1940. Our authorities are committed to the view that an indictment for assault with intent to murder which follows the code form is sufficient as against demurrers. Stratford v. State, 32 Ala.App. 249, 24 So.2d 453; Barber v. State, 23 Ala.App. 584, 129 So. 492.

Before the defendant interposed his plea of not guilty, he filed a motion for an order to the solicitor to furnish him a bill of particulars. By this proceeding the appellant requested that the means by which the alleged offense had been committed be disclosed, specifically "whether by cutting, shooting or striking." The court overruled the motion.

Counsel for appellant has furnished us with a very interesting and able brief in support of his insistence.

■ The authority of the court to require a bill of particulars is a common-law right. In some states the practice is generally recognized and is applied in criminal prosecutions. In others it is allowed by virtue of constitutional or statutory provisions or by rules of court. In many jurisdictions the practice is entirely ignored.

The refusing or granting of a bill of particulars in criminal cases ordinarily rests within the enlightened discretion of the trial judge, even in those states where the practice is followed.

The text-writer in 42 C.J.S., Indictments and Informations § 156, beginning at page 1092, gives a very comprehensive discussion of the doctrine. By reference to the many cases cited under the headnotes an interested practitioner may be led into a field of many authorities which have reviewed the question.

■ Our own state courts have not adopted the practice. An attempt was made in Jones v. State, 136 Ala. 118, 34 So. 236, 238. In response to the question the Supreme Court observed:

"Whatever may be the practice in those jurisdictions with respect to demanding a bill of particulars in criminal cases, and the right to review the action of the trial court, the practice has never prevailed in this state, and we would be unwilling to introduce into it such an innovation, even if there was no precedent against it."

We are without judicial power to depart from this authority, which in our view is decisive of the instant matter.

If we were privileged to hold that our courts should adopt this practice, we would

then be put to the task of deciding whether or not the lower court was in error in denying the motion in the case at bar. We do not declare our view on this inquiry.

Without dispute in the evidence, the accused shot a police officer of the town of Samson, Alabama. The incident occurred on the streets of the indicated city in the late afternoon. The appellant shot the officer twice in rapid succession with an automatic shotgun.

With commendable candor appellant's counsel states in brief: "It is not deemed necessary to go into detail and set out all the facts that were pointed out in the testimony on the trial in this case. Suffice it to say that the testimony introduced by the State was sufficient to require a determination by the jury of the guilt or innocence of the defendant."

We are in full accord with this observation and therefore will pretermit any detailed delineation of the tendencies of the evidence.

We think, also, that the familiar rule by which we are guided will not authorize us to hold that the trial judge was in error in denying the motion for a new trial.

It appears that about five minutes before the shooting another officer took the defendant to task about his conduct on the streets, with particular reference to his loud cursing and drunken condition. When the officer was directed to state what the content of this conversation was, counsel did not interpose any objection, but waited until full reply had been made and then moved to exclude the answer. The witness had replied in response to the question. The rule is here applicable that to invoke review an objection must be interposed to the question. Kelley v. State, 32 Ala.App. 408, 26 So.2d 633; Castona v. State, 17 Ala. App. 421, 84 So. 871.

As the prosecuting witness was nearing the place where the defendant was standing armed with a shotgun, an employee of the bus company called the officer into the station and advised the latter of threats he had heard the accused making just prior thereto. Over objections of appellant's counsel, the employee was allowed to state what he said to the officer and that he furnished the policeman with a shotgun which was there in the station.

It appears that immediately following this incident the officer came out of the bus station with the gun in his hands, and as he was approaching the accused, and within a distance of about thirty feet, the latter shot, as we have indicated herein. The appellant claimed self-defense.

We think that the jury was entitled to know the circumstances under which the officer had the shotgun as he started in the direction of the defendant.

While testifying on cross-examination, the officer was interrogated with reference to his custom of carrying shotguns. Specifically, he was asked: "During the sixteen years you have been on the police force have you carried a shot-gun to make an arrest?" To which he replied, "Not to make an arrest. I had one with me a lot of times."

The appellant admitted that he had been previously convicted in the State of Florida on a charge of assault with intent to murder. This proof was admissible for the purpose of testing the credibility of the defendant as a witness in his own behalf. Williams v. State, 28 Ala.App. 481, 189 So. 81, certiorari denied 238 Ala. 40, 189 So. 84.

In his argument to the jury the solicitor stated: "When John Merritt went down there to attempt to arrest him—". Counsel for appellant interposed objections "to any further argument along that line." If the solicitor made any further statement in reference to this matter, it is not shown by the record. It is clear that we have nothing here to review.

The court below refused to appellant written instruction number 7. This action was proper. Premeditation is not a necessary element of assault with intent to murder. Williams v. State, 18 Ala.App. 573, 93 So. 284; Kelly v. State, 15 Ala.App. 63, 72 So. 573; Smith v. State, 141 Ala. 59, 37 So. 423.

The few questions to which we have not responded relate to principles of law that do not require any elaboration.

It is ordered that the judgment of the court below be affirmed.

Affirmed.

BRICKEN, P. J., not sitting.