50 So.2d 6

## HALLMAN v. STATE.

### 6 Div. 949.

Court of Appeals of Alabama.
Jan. 9, 1951.

Davis & Zeanah, of Tuscaloosa, for appellant.

A. A. Carmichael, Atty. Gen., and Geo. W. Cameron, Asst. Atty. Gen., for the State.

CARR, Judge.

In the court below the accused was adjudged guilty of assault and battery on an indictment which charged the offense of assault with intent to murder.

We must reverse the judgment, and therefore we will not enter into a discussion nor an analysis of the evidence.

The appellant shot Jim Bigham with a pistol and inflicted a severe wound. The justification of the assault centered around the doctrine of self defense, which the defendant claimed. On this factual issue the evidence is in irreconcilable conflict.

The pistol was allowed to be introduced over objections. The appellant admitted that this was the weapon he used on the occasion of the assault. If its identity was not sufficiently established at the time of its introduction, the omission was obviated by the subsequent proof. Supreme Court Rule 45, Code 1940, Tit. 7 Appendix.

The extent, nature, and description of the wound of the injured party related to a material and proper inquiry. This evidence was given by the attending physician. Ledbetter v. State, 24 Ala.App. 583, 139 So. 299; Buffalow v. State, 34 Ala.App. 418, 41 So.2d 417.

Before the appellant testified he introduced a number of witnesses who deposed that his character was good. On cross examination of these persons the solicitor was permitted to ask: "Did you hear that he killed a Negro up there in the edge of Fayette County", "Have you heard about him being charged and convicted of public drunkenness on a number of occasions", and other questions to like effect.

Among the grounds of objections interposed to these questions was: "It is not confined to a time prior to the alleged offense." Some of the witnesses replied that they had heard these rumors or reports.

The ruling in this connection was error. The applicable rule was stated by Justice Brown when he was a member of this court:

"The character of the accused in this respect can be made an issue only by the accused offering proof of his good character, and when he does, the state may offer countervailing evidence of his general bad character in the respect in which it has been made an issue, or may, on the cross-examination of the defendant's witness, show reports or rumors current in the community of defendant's residence before the alleged criminal act under investigation derogatory to his good character in the respect he has put it in issue, for the purpose of showing that the witness was mistaken in his estimate of defendant's character. * * *

"But such evidence must be limited to repute affecting the defendant's character current prior to the commission of the crime under investigation." Mitchell v. State, 14 Ala.App. 46, 70 So. 991, 992.

The Justice cited Ragland v. State, 178 Ala. 59, 59 So. 637. The opinion in the latter case pronounces the same rule and gives logical and purposeful reasons for its application.

We adhered to the same holding in Russell v. State, 24 Ala.App. 496, 137 So. 460, and Smith v. State, 29 Ala.App. 212, 195 So. 290.

See also, Underhill's Cr. Ev., 4th Ed., Sec. 173, p. 307.

In brief the assistant attorney general attempts to justify the ruling by the application of the rule which provides that illegal evidence may be admitted in rebuttal of illegal evidence. He presses this position on the basis of the fact that appellant's attorney did not by the form of his questions limit the good character evidence to a time prior to the commission of the alleged crime.

We do not think that the indicated doctrine can be applied in this manner and under these circumstances.

The evidence about which we are presently concerned is not in a strict sense

rebuttal or contradictory in nature. Its introduction is not allowed for this purpose, but rather to test the accuracy, conception, and evaluation of the witness in his estimate of good character. Pierce v. State, 228 Ala. 545, 154 So. 526; Sanders v. State, 243 Ala. 691, 11 So.2d 740; Mullins v. State, 31 Ala.App. 571, 19 So.2d 845.

■ The determinable inquiry is whether or not the witness heard the rumors prior to the commission of the alleged offense. Over timely objections the State must make it appear that the information was attained at a time before the alleged crime was committed. Ragland v. State, supra.

None of the authorities we have examined, in which this question was reviewed, makes any reference to nor application of the rule upon which the insistence is made. Apparently the state of the record afforded this opportunity in some of these cases.

There are other questions presented for our review, but we will not respond to these. Most of them relate to elementary rules of law; some are not harmful to appellant in effect; others will not likely reoccur on another trial.

For indicated error it is ordered that the judgment below be reversed and the cause remanded.

Reversed and remanded.