# Bibb *v.* The State.

*Indictment for Exhibiting Gaming Table.*

1. *Keeping gaming table; use and keeper thereof.*—The statute providing punishment for keeping gaming table (Code of 1876, § 4208), aims at the *use* to which the table is appropriated, without regard to its appliances or adaptation to any particular game. The person having possession or custody of the table, authority over its use, and supervising the gaming is the keeper, or is interested or concerned in keeping it.

2. *Same; discretion of jury to assess fine; erroneous charge.*—A charge instructing the jury that they *must* assess a fine against defendant if found guilty of keeping gaming table (under § 4208, Code, 1876), is erroneous. Section 4500, Code, 1886, leaves the imposition of a fine in the discretion of the jury, when the court may, as in the present case, in addition to a fine impose imprisonment or hard labor for the county.

APPEAL from Montgomery City Court.
Tried before the Hon. T. M. ARRINGTON.

WATTS & SON, for appellant.—The court erred in charging the jury that if they found the defendant guilty they *must* assess a fine," &c., § 4453 of Code of 1876; § 4500, Code of 1886; *McPherson v. The State,* 54 Ala. 225.

T. N. McCLELLAN, Attorney-General, *contra.*

CLOPTON, J.—The defendant was indicted under section 4208 of Code of 1876, which provides: "Any person who keeps, exhibits, or is interested or concerned in keeping or exhibiting any table for gaming, of whatsoever name, kind or description, not regularly licensed under the laws of this State, must, on conviction, be fined not less than one hundred nor more than one thousand dollars; and may also be imprisoned in the county jail, or sentenced to hard labor for the county for not more than twelve months." The statute is aimed at the *use* to which the table is appropriated. Any table used for gaming, without regard to its appliances or adaptation to any particular game, is included in the statute; and if the defendant had the possession or custody of the table, authority over its use, and supervised the gaming, he was the keeper, or interested or concerned in keep-

[Bibb v. The State.]

ing it.—*Toney v. State*, 61 Ala. 1; *Wren v. State*, 70 Ala. 1; *Bibb v. State*, 83 Ala. 84.

The statute prescribes, as the penalty for the offense, a fine, and in addition thereto, that it may be punished by imprisonment or hard labor for the county. Section 4500 of Code of 1886 declares: "When an offense may be punished, in addition to a fine, by imprisonment or hard labor for the county, the jury shall not be required to impose a fine, if, in their judgment, the defendant should only be punished in some other mode, but may in such cases only find him guilty, and leave the imposition of the punishment to the court." The statute leaves it discretionary with the jury to impose a fine, or to return a general verdict of guilty, and leave the court to impose the punishment of imprisonment or hard labor.—*McPherson v. State*, 54 Ala. 221. The court erred in instructing the jury, that if they found the defendant guilty, they *must* assess a fine against him. The effect of the charge was to require the jury to assess a fine on conviction, and to take from them the discretion conferred by the statute. If the jury should determine that the defendant should be punished by a fine, they alone are authorized to fix the amount within the limitations of the statute, and the court may impose the additional punishment; but if, in their judgment, the defendant should be punished in some mode other than by a fine, they need only return a verdict of guilty, leaving the court to impose the punishment other than a fine. They should not be required to assess a fine, if, in their judgment, the defendant should be punished in some other mode.

As the judgment must be reversed for the error in so instructing the jury, it is improper for us to consider and determine the sufficiency of the evidence to authorize the affirmative charge.

Reversed and remanded.