144 So. 371

## ROBERSON v. STATE.

### 8 Div. 627.

Court of Appeals of Alabama.

·June 30, 1932.

Rehearing Denied Nov. 8, 1932.

Wm. Stell, of Russellville, for appellant.

Thos. E. Knight, Jr., Atty. Gen., for the State.

Brief did not reach the Reporter.

BRICKEN, P. J.

The judgment of conviction in this case was based upon the verdict of the jury wherein they found appellant guilty, under a general verdict, as charged in the indictment upon which he was tried. There were two counts to the indictment. The first charged that he did distill, make, or manufacture alcoholic, etc., liquors. And the second count charged the unlawful possession of a still, etc., to be used for that purpose. Both counts were sufficient in form and substance.

The state's testimony consisted of the evidence of the two officers who raided the still in question, and both of them testified, positively and directly, that this appellant and another man were actively engaged in the operation of the still and that upon their approach the two men engaged in its operation ran away and escaped. They identified this appellant positively and testified they saw him replenish the fire in the furnace and· assist in handling or measuring up the whisky already made or manufactured, several gallons of which were found at the still. There were also large quantities of beer, and the evidence shows that the still was complete in all details and whisky running from the worm.

■ This appellant, however, testified that he was not at the still but was many miles away at the time testified to by the state's witnesses. He also offered the testimony of other witnesses which tended to sustain the ali-

bi. This conflict in the evidence made a jury question, and rendered inapt the affirmative charge requested by defendant.

The rulings of the court upon the admission of the testimony are so clearly free from error a detailed discussion in this connection is deemed unnecessary.

■ The record, on page 16, shows, after the conclusion of the oral charge: "The defendant objects to that part of the oral charge wherein he says, etc." A mere "objection" to the oral charge is not the equivalent of an exception. We therefore pretermit the insistence that error prevailed in the oral charge of the court.

This case involved a question of fact which was decided by the jury adversely to appellant. We are of the opinion that the evidence fully warranted the jury in the verdict rendered. There appears no reversible error on the trial below. The record is also regular and without error. The judgment of conviction from which this appeal was taken will stand affirmed.

Affirmed.

### On Rehearing.

■ At the earnest solicitation of appellant on rehearing, we will pretermit the manner in which the purported exception to the oral charge is presented and discuss the point of decision involved. We find no error in the statement of the court of which appellant complains. The court charged the jury to the effect if, after considering all the evidence adduced upon the trial, they had a reasonable doubt of the defendant's guilt, they should acquit the defendant. These utterances by the court in the oral charge placed the proper burden of proof upon the state. The excerpt of the oral charge complained of was: "That if the defendant has reasonably satisfied you that he was in Colbert County at the time." This statement, standing alone, was unintelligible and meaningless. When taken and considered with the entire oral charge of the court, as must be done, the burden of proof was rested upon the state and at no time upon the accused. Moreover, the statement itself, as made, has the approval of numerous decisions of the Supreme Court of this state.

In Spencer v. State, 50 Ala. 124, the court said: "An alibi should be proven, just as any other fact connected with the prosecution or defence should be proven; that is, 'to the satisfaction of the jury.'"

In Pellum v. State, 89 Ala. 28, 32, 8 So. 83, 84, the court said: "It is the duty of the defendant, in proving an alibi, to reasonably satisfy the jury that he was elsewhere at the time of the commission of the offense."

In Albritton v. State, 94 Ala. 76, 10 So. 426, 427, evidence of an alibi "is sufficient, if it reasonably satisfies the minds of the jury."

In Pate v. State, 94 Ala. 14, 18, 10 So. 665, 666, it was said: "When the defense is that of an alibi, the law casts the burden upon the defendant to reasonably satisfy the jury that he was elsewhere at the time of the commission of the offense." And further: "This rule of law, as applicable to the defense of an alibi, does not require of the defendant to reasonably satisfy the jury of his exact whereabouts every moment of the time necessary to cover the period when the offense was committed, but he is required to prove such a state of facts or circumstances as to reasonably satisfy the jury that he was elsewhere than at the place where and at the moment when the offense was committed."

In Prince v. State, 100 Ala. 144, 14 So. 409, 410, 46 Am. St. Rep. 28, the lower court had charged the jury "that the burden of proof is on the defendant to establish his alibi, and that it must be done to your satisfaction." The Supreme Court said, as to the foregoing charge: "The proof exacted of the defendant in this charge to sustain the alibi, is too high, in that it omitted the word 'reasonable.' If the jury were reasonably satisfied, from the evidence, that the defendant was elsewhere, and not at the place where the offense was committed, at the time it was committed, the burden cast upon him by the law is fully met."

In Holley v. State, 105 Ala. 100, 17 So. 102, the lower court refused the following charge to defendants: "The defendants are not required to prove the defense of alibi to the reasonable satisfaction of the jury, but if from all the evidence there is a reasonable doubt as to whether the defendants were at Whitehurst's house on the night of the robbery and had no part in such robbery, the jury must find the defendants not guilty." As to the foregoing charge, the Supreme Court said: "The charge requested by defendant was properly refused. It asserts the untenable proposition, that the defendant was not required to establish the defense of an alibi which he set up, to the reasonable satisfaction of the jury."

Innumerable other cases of like import could be cited, but we deem this unnecessary. As we construe the oral charge of the court, it was in line with approved decisions as to the burden of proof. The court specifically stated that: "If the State has failed to satisfy you beyond a reasonable doubt that the defendant was there making liquor at the time and place in question, then you should find the defendant not guilty."

Application for rehearing overruled.