196 So. 132

## SMITH v. STATE.
### 8 Div. 855.

Court of Appeals of Alabama.

March 12, 1940.

Rehearing Denied April 2, 1940.

Taylor & Taylor, of Huntsville, for appellant.

Thos. S. Lawson, Atty. Gen., and Noble J. Russell, Asst. Atty. Gen., for the State.

SIMPSON, Judge.

The appellant was convicted of the offense denounced by Section 4237 of the Code of 1923. The evidence of the State was to the effect that the defendant and several others were sitting at or were around a table in the back room of a beer joint and dance hall, "playing cards" or "poker" at the time of the raid by the county officers. The table had a cover on it, upon which were several stacks of chips (one stack in front of appellant), in denominations ranging from 25¢ upward, some witnesses describing them as poker chips. There were, in addition, elsewhere in the room, about two hundred chips of various denominations. The defendant said the chips were his and that the "outfit was his." In what appeared to be a voluntary statement, at the time of the raid, the appellant "admitted that they were just having a game in there" and that it was "his game and his table that he was *running* (italics ours) in that room." It further appears that at the same time appellant "offered to go up before a Justice of the Peace and plead guilty" and "pay off for all of them," meaning, of course, the fines for violating the law. Upon cross examination of these State's witnesses, it was brought out that there was "no money on the table" and no witness heard any bets being made. The defendant did not testify nor did he introduce any witness in his behalf. At the conclusion of this evidence, the usual motion was made by appellant's counsel to exclude the evidence and upon its being over-

ruled by the court, the general affirmative charge for defendant was requested and, by the court, refused, which rulings are here insisted upon as error.

After having given careful consideration to the able argument of counsel for appellant, this court is of the opinion that the evidence was sufficient to support the conviction. As announced in numerous decisions, notably among them; Bibb v. State, 84 Ala. 13, 4 So. 275, 276: "The statute is aimed at the *use* to which the table is appropriated. Any table used for gaming, without regard to its appliances or adaptation to any particular game, is included in the statute; and if the defendant had the possession or custody of the table, authority over its use, and supervised the gaming, he was the keeper, or interested or concerned in keeping it."

Statutory direction rendered it unnecessary to prove that any money was bet at the table. Alabama Code, 1923, Section 4238. The situation, revealed by the evidence above related, together with the quoted confession of the defendant, made a complete case for the State, requiring its submission to the jury by the trial court and the judgment is therefore affirmed.

Affirmed.