22 So.2d 113

### PINKERTON v. STATE.

6 Div. 326.

Supreme Court of Alabama.

March 29, 1945.

Pennington & Tweedy, of Jasper, for petitioner.

Wm. N. McQueen, Acting Atty. Gen., and Chas. M. Cooper, Asst. Atty. Gen., opposed.

GARDNER, Chief Justice.

Petitioner was convicted of a violation of the prohibition law, an offense punishable, in addition to a fine, by imprisonment or hard labor for the county. Sec. 99, Title 29, Code 1940. And under the provisions of Sec. 336, Title 15, Code 1940, in an offense so punishable the jury "shall not be required to impose a fine; but, if in their judgment, the defendant should only be punished in some other mode, may, in such case, only find him guilty and leave the imposition of the punishment to the court."

■ The oral charge of the court to which exception was reserved can only be reasonably interpreted as instructing the jury that, if they found the defendant guilty, they should assess a fine. Indeed, in the oral charge the court gives them the form of the verdict relating to the fine, and instructs the jury they are to fix the amount thereof. We are unable to see that the charge here in question, for all practical purposes, is to be differentiated from the language of the court to which exception was reserved in Bibb v. State, 84 Ala. 13, 4 So. 275, 276. In the Bibb case it was pointed out that the effect of such a charge "was to require the jury to assess a fine on a conviction, and to take from them the discretion conferred by the statute." As we interpret it, that is exactly what this charge did, and the exception thereto was well taken. In the Bibb case, supra, the

judgment of reversal was rested solely upon this error of the court.

The opinion of the Court of Appeals here under review cites Lashley v. State, 25 Ala.App. 115, 141 So. 717 (not here reviewed), as supporting the conclusion reached in the instant case. The opinion in the Lashley case gives no indication that the case of Bibb v. State, supra, was called to the attention of the court, and it evidently escaped the notice of the writer of the opinion, particularly in view of the fact that the judgment of conviction was reversed upon other grounds. We are of the opinion that this action of the court, under Bibb v. State, supra, was error to reverse. We may add that Sec. 336, Title 15, Code 1940, supra, has been re-enacted many times since the rendition of the Bibb case without any substantial change.

■ Of course, as stated by counsel for petitioner, the definition of a reasonable doubt is a matter for the court. But the opinion of the Court of Appeals discloses several written charges upon reasonable doubt given for defendant, and we think the language of the trial court is properly to be interpreted as instructing the jury they may so determine that matter from the many charges given them at defendant's request.

■ In the oral charge the court also stated, in regard to the impeachment of a witness, that, if the jury believe that any witness had testified falsely as to some material fact, they may at their discretion disregard the remainder of his testimony. The opinion of the Court of Appeals concedes that this oral instruction incorrectly stated the rule of law in that respect. In Montgomery v. State, 17 Ala.App. 469, 86 So. 132, reviewed by this court in Montgomery v. State, 204 Ala. 389, 85 So. 785, it was pointed out that before a jury is authorized to disregard the testimony upon the principle of falsus in uno, falsus in omnibus, it must appear that the testimony so given was willfully false, and that it related to material matters. Numerous authorities are cited, both from the Court of Appeals and from this court, and the statement is so well understood as to call for no further citations in that regard.

■■ The Court of Appeals in the instant case was of the opinion that reversible error did not appear, for the reason that the duty rested upon the counsel for the defendant to offer an explanatory charge. But we do not think this is a case

542

for an explanatory charge. It was an erroneous statement of the law, as distinguished from a correct statement which may have some misleading tendencies. And the rule has been well-established that the fact that a given charge requested by the defendant stated the rule correctly does not cure the error of the court in its oral charge. Smith v. State, 29 Ala.App. 212, 195 So. 290, certiorari denied 239 Ala. 301, 195 So. 293.

To hold it the duty of counsel for the defendant under the circumstances to have requested a charge in writing correctly stating the applicable rule of law would have placed upon him an unnecessary burden, in view of the well-understood rule that the oral charge prevails over written instructions. Furthermore, no such duty rests upon counsel, as he performed his full duty in calling the attention of the court to the error in the oral charge by duly reserving an exception thereto. We think it was not a matter as to which explanatory charges would be required, and reversible error is not to be avoided in the manner pointed out in the opinion of the Court of Appeals.

We find, therefore, that we are unable to concur with the Court of Appeals in the affirmance of the judgment in this case. We conclude that for the errors indicated, the judgment should be reversed and the cause remanded. To that end we remand the case to the Court of Appeals for the proper order of reversal.

Reversed and remanded.

All the Justices concur.