58 So.2d 469

**AMERICAN SURETY CO. OF NEW YORK v. HOOKER.**

**8 Div. 903.**

Court of Appeals of Alabama.
March 6, 1951.

Rehearing Denied April 3, 1951.

Marion F. Lusk, of Guntersville, for appellant.

Marion F. Lusk, of Guntersville, for appellant.

44

Scruggs & Scruggs, of Guntersville, for appellee.

CARR, Presiding Judge.

.This is a suit by Amzi Gentry Hooker against The American Surety Company of New York.

In the court below the issues were formed by Count 9 of the complaint, the plea of the general issue, and a special plea of advice of counsel.

The trial resulted in a judgment for the plaintiff.

The reporter will set out Count 9 of the complaint.

There are ninety-seven assignments of error.

In approaching this review we will adhere to these rules:

■ Assignments of error which are not stressed in appellant's brief will not be considered. Supreme Court, Rule 10, Code 1940, Title 7 Appendix; Alabama Power Co. v. Thompson, 250 Ala. 7, 32 So.2d 795, 9 A.L.R.2d 974; Arrick v. Fanning, 35 Ala.App. 409, 47 So.2d 708.

■ Where in appellant's brief assignments of error are argued in groups, if any one of said assignments is without merit, a review of the others will be pretermitted. Moseley v. Alabama Power Co., 246 Ala. 416, 21 So.2d 305.

■ We will make no further reference to those assignments which are based on the rulings of the court to which appellant's attorney failed to except. Calvert v. J. M. Steverson & Sons Lumber Co., 244 Ala. 206, 12 So.2d 365; Broglan v. Owen, 34 Ala.App. 480, 41 So.2d 434.

■ The answers to some of the questions to which objections were interposed were not harmful to appellant. Stephens v. State, 250 Ala. 123, 33 So.2d 245; Kornegay v. State, 33 Ala.App. 338, 33 So.2d 405.

This observation will serve to illustrate our conclusion as to the assignments which are predicated on rulings incident to these doctrines.

■ In a few instances counsel for appellant did not interpose any objection to the question until after the answer thereto. Assignments predicated on rulings relating to these queries will not be reviewed. Jones v. Daniel, 34 Ala.App. 490, 41 So.2d 627; Kelley v. State, 32 Ala.App. 408, 26 So.2d 633.

#### Assignments 7 and 8

At the beginning of the trial proceedings this occurred:

"At a point in the rebuttal statement of the case to the jury by Mr. Scruggs:

"Mr. Scruggs: In answer to that, gentlemen of the jury, we say that if they made any investigation whatever it was a very scanty investigation.

"Mr. Lusk: We object to anything about an investigation.

"Mr. Scruggs: No. He has brought her in here now.

"Mr. Lusk: We haven't said anything about an investigation.

"Mr. Scruggs: Yes, yes, sir. Here is what he said—

"The Court: This inquiry goes through my mind here: Does it not have to be a firm of lawyers learned in the law of Alabama. The plea, I believe says,—

"Mr. Lusk: We don't put that in.

"The Court: They must be learned in the law of Alabama because a man in Honolulu or New York would not know whether—

"Mr. Lusk: I believe I will take an exception to that.

"The Court: I know, but your plea says it was submitted to lawyers, a reputable firm of lawyers. I think it has to be lawyers learned in the law of Alabama because a man in Memphis, Tennessee, or San Francisco wouldn't know whether—. I am not ruling, I am just giving you my thoughts.

"Mr. Lusk: That statement was made in the presence of the jury.

"The Court: We will adjourn and find out what the law is if there is any question of that.

"Mr. Lusk: We move for a mistrial in view of that statement made before the jury.

"The Court: Overrule. I don't know what the law is. I think I know what the law is but I want to find out.

"Mr. Lusk: With all due respect to the Court I believe that inquiry comes to (sic) late after the jury has been drawn, sworn and we have entered into the statement of the case. I consider the statement highly prejudicial to the defendant.

"The Court: I overrule your motion.

"Mr. Lusk: We except.

"The Court: That is my idea of what I think the law is. If you have anything to the contrary I would like to see it.

"Mr. Lusk: That is the first time that proposition has been broached to me.

"The Court: You have a lot of law in a law suit. My understanding is it must be a reputable lawyer of this state. A man learned in the law of this state. If you have any case to the contrary or either way I would like to see it.

"Mr. Lusk: I think it is highly prejudicial to raise that point and make that statement in the presence of the jury at this stage of the trial.

"The Court: I am going to rule whichever way I find the law is. They can't be prejudiced because I am going to clear it up and I want you to help me clear it up if you have any authorities."

Later in the colloquy the trial judge stated:

"I am going to try to do it right. If I find the law one way I am going to rule it just the way I find it. I am telling you now if you don't show me a case to the contrary it must be a lawyer in Alabama that advised this suit."

We have not attempted to set out all that was said by the attorneys and the judge, but an intelligent and fair review can be predicated on what we have delineated.

The evidence for the defendant discloses that members of a Memphis, Tennessee law firm were consulted about the matter.

Apparently the trial judge abandoned his views as expressed in the above quotations. In any event, in his oral charge he did not confine the advice of counsel doctrine to advice from only Alabama lawyers. At the request of the defendant he gave this written instruction:

"Gentlemen of the Jury, if you are reasonable (sic) satisfied that before the suing out of the attachment the Memphis Bank sought advice of reputable attorneys and made to them a full and fair statement of all the facts within its knowledge, or which be (sic) reasonable effors (sic) it could have obtained in reference to the grounds of attachment, and that said attorneys advised the Bank that it had probable cause for the attachment, and that the Bank in good faith acted on said advice, then as a matter of law this would be a complete defense to this suit and you cannot find a verdict against defendant."

It is to be noted that the incident of concern came at the beginning of a three-day trial. It was a colloquy between counsel and the court.

■ We do not find merit in appellant's insistence that: "The damage to defendant was never repaired." Therefore reversible error will not be predicated on the action of the court in denying the motion for a mistrial. Kelly v. Hanwick, 228 Ala. 336, 153 So. 269; Sovereign Camp, W.O.W. v. Sirten, 234 Ala. 421, 175 So. 539; Greene v. Tims, 16 Ala. 541; Phillips v. Beene, 16 Ala. 720; Pollak v. Winter, 197 Ala. 173, 72 So. 386; Western Union Tel. Co. v. Howington, 198 Ala. 311, 73 So. 550; Accident Ins. Dept. etc. v. Brooks, 216 Ala. 605, 114 So. 6.

### Assignments 10 and 43

■ Counsel for appellee asked his client how many days he lost from his work in and about procuring the discharge of the attachment. Over objections the witness answered: "Eighteen."

This element of damage was claimed in the complaint. Only general grounds were interposed to the question. Johnston v. Isley, 240 Ala. 217, 198 So. 348; Burgin v. Stewart, 216 Ala. 663, 114 So. 182; Head v. State, 35 Ala.App. 71, 44 So.2d 441.

### Assignment 15

■ Appellee was allowed to answer that after the levy of attachment it was necessary for him to incorporate his business at Guntersville, Alabama and transfer all his property to the corporation before he could borrow any money.

The insistence is made that the question called for an unauthorized conclusion of the witness.

We think that this was a statement of a collective fact. The subsidiary circumstances were subject to inquiry by the objector or cross-examination. Shafer & Co.

v. Hausman, 139 Ala. 237, 35 So. 691; Torrey v. Kraus, 149 Ala. 200, 43 So. 184; Bank of Phoenix City v. Taylor, 196 Ala. 665, 72 So. 264; Sloss-Sheffield Steel & Iron Co. v. Underwood, 204 Ala. 286, 85 So. 441; Street v. Browning, 205 Ala. 110, 87 So. 527; Somerall v. Citizens' Bank, 211 Ala. 630, 101 So. 429; Meador-Pasley Co. v. Owens, 222 Ala. 392, 133 So. 35; Pollard v. Rogers, 234 Ala. 92, 173 So. 881.

It should be noted also that the appellee gave evidence relating to the requirement of the bank in the matter of credit arrangements. Haas Bros. v. Craft, 9 Ala.App. 404, 64 So. 163; Tenn. Valley Sand & Gravel Co. v. Pilling, 35 Ala.App. 237, 47 So.2d 236.

### Assignment 16

Over appellant's objections the appellee was allowed to answer this question in the negative: "I will get you to state whether or not you know of any inquiry prior to the suing out of the attachment writ and its levy that the plaintiff in that suit or its agent or attorney ever made with reference to you or your property."

Objection to this question could have been sustained without error. It related to a matter of conjecture or surmise on the part of the witness, and the query does not call for a reply that could give rise to the dignity of factual information. Xenia Bank v. Stewart, 114 U.S. 224, 5 S.Ct. 845, 29 L.Ed. 101.

The fact that the witness did answer the question in the negative added nothing to the inquiry and the appellant could not have been harmed by this reply. Supreme Court Rule 45, Code 1940, Tit. 7 Appendix.

### Assignments 18 and 20

In brief of appellant's attorney we are referred to record page 133 for assignment numbered 18. We fail to find any basis for this assignment on this page. Meador-Pasley Co. v. Owens, supra.

### Assignment 19

There is no merit in this assignment. It relates to a statement by the trial judge illustrative of the test of market value.

It is not made clear by the record whether the exception was taken to the ruling of the court in sustaining an objection or to the judge's statement. In any event, all the judge said was: "A man might have a diamond ring worth $100.00, but because it was his mother's he wouldn't sell it for $2000.00."

### Assignments 21 and 29

This question was propounded to the appellee by his attorney: "When you got to Guntersville what did you do with reference to a home or place to live, if anything?" He replied: "I first established a residence at the Glover Hotel."

There were no objections interposed to the question, however counsel moved to "strike" the answer.

The word "residence" means "act or fact of abiding or dwelling in a place for some time; act of making one's home in a place." Webster's New International Dictionary.

We think, therefore, that the answer was responsive and the court was not in error in denying the motion to "strike." Coats v. State, 253 Ala. 290, 45 So.2d 35.

### Assignment 31

Appellee was allowed, over general objections, to state that he told some of his club members at a farewell party at Memphis that he was going to Guntersville to establish his residence.

A party's declarations, made at the time of changing his residence, are admissible as part of the res gestae on the question of domicile. Griffin v. Wall, 32 Ala. 149; Mitchell v. Kinney, 242 Ala. 196, 5 So.2d 788; Mitchell v. State, 114 Ala. 1, 22 So. 71; 17 Am.Jur., Domicile, Sec. 88, p. 641.

### Assignments 34 and 35

The court sustained objections to this question which was addressed to the cashier of the Citizens Bank of Guntersville:

"Now, I will ask you if at any time that Mr. Hooker has done business with your bank either personally or while he was doing business with your bank for the Milling Company, if you at any time required of him any security or extra protection to the

bank because of your knowledge of an attachment suit?"

This question sought information on two different matters, one relating to the individual and the other to the milling company. The latter reference was without materiality. So we must apply the rule which provides that it is not reversible error for the court to sustain an objection to a question which calls for both material and immaterial information. Beall Bros. v. Johnstone & Hammond, 140 Ala. 339, 37 So. 297; Lynn v. State, 250 Ala. 384, 34 So.2d 602; Shewbart v. State, 33 Ala. App. 195, 32 So.2d 241.

### Assignment 37

█ Appellant addressed the following question to the president of the First National Bank of Guntersville:

"I will ask you if at any time after March 8 and while Mr. Hooker had any connection as a depositor or borrower with your bank if you at any time denied him a loan or the extension of a loan or the increase of a loan or any of the facilities of the bank, stating to him at the time that it was because the attachment had been levied against that account?"

The court sustained appellee's objection to the query.

Just immediately following, with the aid of the appellee's bank loan record, the witness testified concerning various loan transactions with appellee subsequent to March 8, 1946. The president of the bank finally stated: "I don't recall that he ever applied for a loan which was turned down."

It is evincingly clear that the evidence which followed the quoted question afforded full information on the subject to which the inquiry related. Rosenbush Feed Co. v. Garrison, 251 Ala. 245, 37 So.2d 106; Stephens v. State, 252 Ala. 183, 40 So.2d 90.

### Assignment 45

█ The court overruled appellant's motion to exclude the entire answer to an interrogatory.

In brief counsel points out an excerpt from the answer which he insists is incompetent. The motion went to the exclusion

of the reply as a whole. Since part is legal, the court will not be put in error for overruling a motion to exclude the answer in its entirety. Jackson v. State, 31 Ala.App. 212, 14 So.2d 593; Southern R. Co. v. Hardin, 1 Ala.App. 277, 55 So. 270.

### Assignment 63

█ An officer of the Union Planters National Bank & Trust Company of Memphis, Tennessee testified with reference to the error in appellee's account with his bank. The witness went into detail explaining how and when it occurred and the efforts that were made to locate the appellee after the error was discovered.

In response to one question the witness included in his reply: "The error was discovered about March 1st." On motion of appellee the court struck this excerpt from the answer. It is likely that the court entertained the view that the information may have been based on hearsay.

In any event it is made clear by the evidence that the error was discovered by someone connected with the bank and soon thereafter the attachment was sued out. We do not see how the absence of proof as to the day of the discovery could have injured the substantial rights of the appellant. Supreme Court Rule 45.

### Assignments 80 and 87

█ Written charges 10 and 20 refused to the defendant each lay too much stress and emphasis on only a part of the evidence. Birmingham Electric Co. v. Woodward, 33 Ala.App. 526, 35 So.2d 369; Aplin v. Dean, 231 Ala. 320, 164 So. 737; Callaway v. Adams, 252 Ala. 136, 40 So.2d 73.

█ The remaining assignments of error which are properly presented for our review relate to exceptions to a portion of the court's oral charge and objections to statements of appellee's counsel in his argument to the jury.

The court gave full instruction in his oral charge on the doctrine of malice and probable cause. Among the given charges, which the judge gave for the appellant, eleven dealt with these doctrines.

Under these circumstances the excerpt to which exceptions were taken should not form a basis for error. Western Union Tel. Co. v. Snell, 3 Ala.App. 263, 56 So. 854; Casino Restaurant v. McWhorter, 35 Ala.App. 332, 46 So.2d 582; Pryor v. Limestone County, 230 Ala. 295, 160 So. 700.

 Counsel did not exceed his privilege to emphasize the evidence and fair inferences therefrom in his argument to the jury.

In this connection it is insisted that appellee's counsel misapplied the law of the case in his argument. The court accurately stated the law in his oral charge and by given written instructions. It was the duty of the jury to look to this source for guidance. Dixie Stage Lines v. Anderson, 222 Ala. 673, 134 So. 23.

We do not find any reversible error in this record. The judgment below is, therefore, ordered affirmed.

Affirmed.

## On Rehearing

Out of deference to the earnest insistence of appellant's attorney, we will extend our original opinion and give further consideration to some of the assignments of error.

Assignments 18 and 20 are grouped in argument in brief.

None of the assignments points out the page in the record where the question appears. We have to look to brief of counsel for this information.

Under a heading in brief is: "Assignments No's 18, 20 Record pp. 133, 159"

The question attempted to be raised by assignment number 18 does not appear on either page 133 or 159 of the record. We pretermit a review of assignment number 20.

## Assignment 65

 This assignment is predicated on the action of the court in overruling appellant's motion for a mistrial. No exceptions were reserved to the ruling of the court.

## Assignment 66

 Appellant's counsel interposed this objection to argument of appellee's attorney: "I object to that argument. The bank is not a party to this suit and the statement the bank didn't care how they debauched his character."

This is such a fragmentary and indefinite reference it can hardly be said that our review is invited. However, on the basis of the proof, we are not authorized to hold that counsel exceeded his legal right to make this statement.

## Assignment 67

 The objection here is in this form:

"Mr. Lusk: We object to that argument that his credit has been injured."

We assume that reference is here made to the plaintiff, although this is not made certain by the objection. In any event, as applied to the plaintiff, the fair inference from the evidence permitted the appellee's counsel to make the statement.

## Assignment 68

 The objection appears in this form:

"Mr. Lusk: If the Court please, I object to that as a conclusion that nothing is undisputed in this case."

If counsel was referring to the evidence in its entirety, perhaps this was an extravagant assertion.

It has been held by our courts that when an attorney makes a statement in argument of a prejudicial nature, as a fact, when the proof does not sustain the statement, the appellate courts will charge reversible error, provided in the opinion of the court the opposing party was injured thereby.

The jury, of course, heard the testimony. It was in a position to evaluate the accuracy of such an assertion.

We do not think that injury to the substantial rights of the appellant appears. Supreme Court Rule 45.

## Assignment 69

This assignment is predicated on this objection:

"Mr. Lusk: If the Court please, I object to counsellor instructing the Jury that the law in Alabama is you cannot sue another non-resident in Alabama in attachment without making affidavit and that the non-resident of Alabama cannot be sued unless there is not sufficient property in the state of the non-resident to be sued.

"The Court: Overruled.

"Mr. Lusk: Except."

We will not pass on the accuracy of this statement as a legal proposition. It is somewhat involved. The law in this respect was correctly given by the trial judge in his oral charge. The jury must look to the court and not the attorneys for the law of the case. Dixie Stage Lines. v. Anderson, 222 Ala. 673, 134 So. 23.

### Assignments 70 and 71

These assignments are grouped in argument. Appellant's attorney did not reserve an exception to the ruling of the court incident to the insistence upon which assignment number 70 is predicated. We will pretermit a review of assignment number 71.

### Assignment 72

"The Court erred in allowing plaintiff's attorney to argue to the jury that it was undisputed in the evidence that plaintiff had property in Tennessee worth at least $8000."

We do not find that this assignment is stressed in brief of counsel. In any event, we think that our treatment of assignment number 68, supra, is applicable here.

### Assignments 74 and 75

Assignment number 74 is based on this:

"Mr. Lusk: The first point is I strenuously object to Your Honor's reading Section 851, Title 7 of the Code to the Jury in discussing that section with the Jury."

It has been held that an "objection" to the oral charge is not equivalent to an "exception." Roberson v. State, 25 Ala. App. 270, 144 So. 371; Garrett v. State, 33 Ala.App. 168, 31 So.2d 151; Buffalow v. State, 34 Ala.App. 418, 41 So.2d 417; Horn v. State, 23 Ala.App. 273, 124 So. 125.

Be this as it may, assuming but not deciding that the statute had no application, the right of the defendant could not have been substantially injured by the mere fact that the court read the statute. The section relates to the right of a non-resident of this State to sue out an attachment against a non-resident.

The application for rehearing is overruled.