109 So.2d 747

Tallie ADKINS

v.

STATE.

1 Div. 782.

Court of Appeals of Alabama.

Oct. 21, 1958.

Rehearing Denied Nov. 18, 1958.

Windell C. Owens, Monroeville, for appellant.

John Patterson, Atty, Gen., and Robt. C. Dillon, Asst. Atty. Gen., for the State.

CATES, Judge.

Mr. Adkins has appealed from a judgment of the Monroe Circuit Court declaring him guilty of possessing prohibited liquor, viz., moonshine whiskey.

Tried to a jury, the appellant, on cross-examination, manfully confessed he was owner of the pint and a half of liquor which the arresting officers found in his house. The solicitor, at the close of all the evidence, asked for the general affirmative charge.

The trial judge thereupon directed a verdict of guilt without the usual "if you believe the evidence beyond a reasonable doubt." As Judge McElroy points out in "The General Affirmative Charge," 1 Ala. Law R., 151, this peremptory charge (i. e., without reference to credibility) is per-

missible where there is an inculpatory admission in open court, Porter & Co. v. State, 58 Ala. 66, Ligon v. State, 145 Ala. 659 (memo.), 39 So. 662 (see Southern Reporter for full opinion). We find nothing in Townsend v. State, 137 Ala. 91, 34 So. 382, to refute this principle where, as here, the defendant admits the facts.

The transcript shows further:

" * * * I have prepared a verdict here for you gentlemen of the jury and you have the discretion to fine this defendant anything from fifty dollars on up to five hundred dollars. No more than five hundred dollars nor less than fifty, but that is your province under the law to assess a fine, and as I say, I charge you that it is your duty under the law and under the facts that were testified to in this case, to bring in a verdict of guilty, and you may retire and make up your verdict.

"Mr. Owens: Your Honor, I want to except to that portion of the Court's charge to the jury which stated that they must assess a fine if they find the defendant guilty, of not less than fifty nor more than five hundred dollars.

"The Court: All right, I'll give you an exception."

Adkins cites us to Code 1940, T. 15, § 336, which makes the assessment or not of a fine a discretionary (rather than a compulsory) act by a jury; also to Pinkerton v. State, 246 Ala. 540, 22 So.2d 113, wherein § 336, supra, is given precedence over T. 29, § 99.

■ Pretermitting the sufficiency of the defendant's · exception, we distinguish the oral charge here from that held .bad in the Pinkerton case. We refer particularly to the qualification, "but that is your province under the law to assess a fine." We construe this language in the light of the remainder of the instruction as leaving the question of fine or no fine to be determined by the jury.

Affirmed.