327 So.2d 920

**Robert Spencer BURNS**

v.

**STATE.**

**8 Div. 660.**

Court of Criminal Appeals of Alabama.

Dec. 16, 1975.

Rehearing Denied Jan. 20, 1976.

LEIGH M. CLARK, Supernumerary Circuit Judge.

Defendant-appellant was charged in an indictment with the unlawful possession of "Marihuana, one of the controlled substances enumerated in Title 22, Section (258)(29)(D)(Schedule 1), known as the Alabama Uniform Controlled Substances Act." A jury found him guilty and also found that "he did not possess it just for the purpose of his personal use only." After a pre-sentence investigation and obviously careful consideration by the court of defendant's application for probation, the court sentenced him to six years imprisonment in the penitentiary and denied probation.

The indictment included three other defendants, but appellant-defendant was tried separately.

William J. Baxley, Atty. Gen., Montgomery, and Randolph P. Reaves, Asst. Atty. Gen., Birmingham, for the State.

On Sunday morning, September 15, 1974, six law enforcement officers, fortified with a studiously prepared and well supported search warrant, went to the home of defendant, a trailer in a trailer park in Lauderdale County, and assiduously searched the two bedrooms and other parts of the trailer for "Marijuana, Cocaine and Heroin" as authorized by the search warrant. In the course of the search, they opened two suitcases in the bedroom of defendant and his wife. In one suitcase they

found (chiefly impregnated in the lining thereof) a leafy-type substance that a competent agent of the Alabama Department of Toxicology and Criminal Investigation testified was "marijuana."[1] One witness stated that the amount of marihuana found was approximately a spoonful; according to the testimony of the toxicologist, it weighed .57 of a gram or approximately 1/60th of an ounce. In the other suitcase was the sum of $10,996.00 in United States currency. In distinguishing one from the other, we will refer to one as the marihuana suitcase and the other as the money suitcase.

In the trailer at the time of the search were appellant, his wife and another couple who were married between the time of the search and the trial. The four were indicted in the same indictment.

Defendant did not testify, but his wife and the other female occupant of the trailer testified in his behalf. They said that about 4:30 or 5:00 P.M. the afternoon before the search, a man by the name of Bill Wilson, accompanied by two other men, came to the trailer and left the suitcases with appellant; that Mr. Wilson stated that they did not have room for the suitcases in the two-passenger automobile they were traveling in at the time and that he would return and get them the next day. The particular Bill Wilson was not living at the time of trial. He had been killed "down Cypress Creek," an historic watercourse in Lauderdale County.

Aside from that part of the transcript of testimony that was admitted in evidence for consideration by the jury, the record is replete with indications that appellant was in the illegal drug business. Such information is to be found particularly in the evidence taken voir dire out of the presence of the jury as to the application for and the issuance of the search warrant, in the statements made to the trial court, even of appellant himself, on his application for probation, and in other portions of the record that do not form a part of the transcript of the testimony presented to the jury. However, we cannot go beyond the testimony presented to the jury to determine whether there is ample evidence to support the verdict, and for that purpose we limit our consideration to the evidence before the jury. In summary, we are persuaded that the jury was warranted in finding appellant guilty of possession of the prohibited substance and that whatever truth there may have been in the testimony of defendant's wife and the other woman as to the visit by Bill Wilson, it was so transparent that a jury could see through it to appellant's guilt. In this connection, we note that the evidence before the jury disclosed that the other female occupant of the trailer wrote appellant while he was in jail "I'm doing this for you, Theresa, & David, don't worry . . . I'll claim *for us.*" In addition, it should be noted that there was evidence that appellant claimed the money or some of the money in the money suitcase.

■ On the trial, appellant's attorney strenuously objected to the introduction of evidence relative to money in the money suitcase. He contended that it was not relevant to the charge of possession of marihuana and that it was prejudicial. That it was injurious to defendant, we have no doubt, but we also have no doubt that it was relevant and admissible testimony. According to defendant's witnesses, the two suitcases were brought to the trailer at the same time by the same person. The relation between the practically empty marihuana suitcase and the substantially full, in one sense, money suitcase is obvious. Testimony as to the money in one suitcase was relevant to the issue of whether any possession by defendant of marihuana in the other suitcase was for defendant's per-

---

1. Other than in the indictment, the substance is spelled throughout the record with a "j" instead of an "h." It is clear, however, that no question of difference in composition of the substance is involved. We will follow hereinafter the spelling of the statute.

sonal use only. *Funches v. State*, 53 Ala. App. 330, 299 So.2d 771.

■ The problem presented by the possession of such a minute amount of marihuana as was found in one of the suitcases was foreseen by Presiding Judge Cates in *Corbin v. State*, 55 Ala.App. 33, 312 So.2d 604, wherein he stated:

"We are not prepared to say that any given quantity of marihuana possessed marks a line between possession for personal use and possession for such other purpose as sale, barter or gift. . . ."

We can well see that it could hardly be reasonably argued that appellant planned to resell any of the remnants of the marihuana in the marihuana suitcase. On the other hand, we can see that it could be reasonably contended that he had recently possessed, and had been a party to the sale of, marihuana of which the gleanings in the suitcase were once a part. The respective contentions of the attorneys for the parties in their arguments to the jury are not shown by the record. Under all the circumstances shown by the record, we are convinced that the jury was justified in finding the defendant guilty of possession of marihuana and that such possession was not for his personal use only.

At the conclusion of the court's oral charge, the following occurred:

"MR. CLEERE: ALL RIGHT. THE DEFENDANT FURTHER OBJECTS TO THE COURT'S ORAL CHARGE TO THE JURY TO THE EFFECT THAT IT WAS NOT NECESSARY FOR THE STATE TO PROVE THAT THE SUITCASE IN QUESTION BELONGED TO THE DEFENDANT, AND FURTHER THAT IF THE DEFENDANT HAD SOME MATTER OF CONTROL OVER THE SUITCASE IN QUESTION, HE WOULD BE IN POSSESSION OF THE SAME. WE OBJECT TO THAT CHARGE AS, IN EFFECT, THE COURT DIRECTING THE JURY'S VERDICT.

"AND ALSO THE FACT THAT THE COURT FAILED TO CHARGE THAT THE STATE DID HAVE A BURDEN TO SHOW GUILTY SCIENTER OR KNOWLEDGE IN THE COMMISSION OF THE OFFENSE AGAINST THE PEACE AND DIGNITY OF THE STATE OF ALABAMA."

The following excerpt is taken from the court's oral charge:

"Now, Gentlemen of the Jury, marijuana is one of the substances listed in the Alabama Controlled Substances Act, which Act makes it illegal to possess marijuana. As to the amount of marijuana presented in the evidence, that is not necessary—it is not necessary that the State bring into Court or prove possession of any definite amount. Any amount is against the law. So, the amount seized is not in and of itself the determining factor. The factor is whether or not he had possession. It is not necessary for the State to prove that the suitcase belonged to the Defendant, and I shall now define to you some elements of possession and what possession means under the law.

"Possession means having personal charge of a thing,—Or having manucaption of it, having your hands on it, but it is not necessary under the law for a person to have had his hands on something to be in possession of it. If the person exercises some right of ownership or if he exercises some right of control over the suitcase in question, then the Defendant would have been in possession of it. The possession prohibited under the law includes any possession or physical dominion over the marijuana of however brief duration and in whatever capacity the person may have been exercising possession if it be for the use or enjoyment of himself or any other person

then—and is not merely for the purpose of inspection or destruction, then that is possession which is prohibited by the law.

"In other words, Gentlemen of the Jury, you look at possession in this light —did the Defendant take the suitcase and did it have marijuana in it and was he holding it and keeping it for some other person and exercising control over it in his bedroom or wherever it was. If he was, he would have had possession of the substance. So, those are definitions of possession which the law prohibits. More than one person can be in possession of a substance at the same time. If it is there and a person is exercising dominion over it and control over it, and he is not keeping it just for destruction or inspection alone, then that is possession which the law prohibits."

█ Although the Alabama Rules of Civil Procedure do not apply to criminal cases, Rule 51 thereof, along with Rule 51 F.R.C.P., has wrought a great change in practice of attorneys in endeavoring to bring to the attention of the trial judge what they consider as errors in the court's instructions. In both Rules, the action is denominated "objection." Previously in Alabama it was almost uniformly denominated "exception." It was said in *American Surety Co. of New York v. Hooker*, 36 AlaApp. 39, 58 So.2d 469, 478:

"It has been held that an 'objection' to the oral charge is not equivalent to an 'exception.' *Roberson v. State*, 25 Ala. App. 270, 144 So. 371; *Garrett v. State*, 33 Ala.App. 168, 31 So.2d 151; *Buffalow v. State*, 34 Ala.App. 418, 41 So.2d 417; *Horn v. State*, 23 Ala.App. 273, 124 So. 125."

An example of the transition or evolution taking place is found in *Bradley v. Jones*, 282 Ala. 331, 211 So.2d 465, wherein "objections" and "exceptions" are treated synonymously. In the light of modern

practice and enlightenment of judges and attorneys generally on the subject, we cannot hold attorneys to the distinction between an "exception" and an "objection" that prevailed years ago. Nor did the trial judge attempt to so hold defendant's counsel.

█ The objections of defendant's counsel were, as to the point now considered, in two parts. One was as to what the court had said; the other was as to what the court had not said. As to the latter, it has been often held that to properly raise the point, defendant should have made a written request that the court instruct the jury as to the particular principle of law not covered by the charge. *Gray v. State*, 52 Ala.App. 481, 294 So.2d 448; *Smith v. State*, 53 Ala.App. 657, 303 So.2d 157.

The principle omitted from the court's oral charge is an extraordinarily important one. In *Corbin v. State, supra,* it was stated:

"In *Rueffert,* [*Rueffert v. State*] 46 Ala.App. 36, 237 So.2d 520, our late Presiding Judge Price wrote as follows:

'The well established rule in cases involving possession of prohibited liquors is that where actual manucaption is not shown and constructive possession is relied upon, the state must show beyond a reasonable doubt, in addition to the constructive possession, that the accused knew of the presence of the prohibited beverages. *Grimes v. State*, 38 Ala.App. 94, 76 So.2d 684; *Davis v. State*, 40 Ala.App. 609, 119 So.2d 236. The rules of evidence in a prosecution for possession of marijuana are the same as those applicable in every other criminal case.' "

The jury and the defendant did not have the benefit of such well established principles of law. Furthermore, it seems to us that the jury could well have responded contrary to that principle in the light of what the court stated as to constructive

possession. Even according to the evidence for the defense, defendant did "take the suitcase" which had "marihuana in it and was . . . holding it and keeping it for some other purpose and exercising control over it in his bedroom." According to the charge he thereby "would have had possession of the substance." No issue existed between the parties as to the possession, actual or constructive, of the suitcase in which the marihuana was found. The issue between the parties was as to the possession of the contents of the suitcase. If the charge had contained the principle to which defendant would have been entitled if he had requested in writing instruction as to such principle, it is possible that in considering the instruction actually given in connection with an instruction that would have been included in the instruction requested, the jury could have reached the correct decision consistent with applicable principles of law. Without an instruction as to the necessity for proof of knowledge on the part of the defendant of the presence of the prohibited substance, the quoted portions of the oral charge as to possession are not only inaccurate but also were highly injurious to defendant.

■ A more difficult question, in our opinion, is presented as to the sufficiency of the objections made by defendant's counsel. The method of making an objection or taking an exception to a portion of the court's oral charge is that the objector or exceptor should "select and recite what the court said, or state the substance of what the court said, and thus specifically bring to the attention of the trial court" and the appellate court the "matter and ruling of which complaint is made." *Pollard v. Rogers*, 234 Ala. 92, 173 So. 881; *Alabama Power Co. v. Smith*, 273 Ala. 509, 142 So.2d 228; *Ward v. State*, 52 Ala.App. 392, 293 So.2d 307.

■ The question naturally arises often whether the portion of the charge to which an exception is taken is in substance brought to the attention of the court. We do not find precise authority to follow on the point.

Mindful of the primary purpose of an objection or exception to a part of the court's oral charge, to "bring to attention to the trial court" the portion considered erroneous so that the trial court may in the interest of justice consider the question and correct its error, if any, in the interest of a true verdict by the jury, we believe that both portions of defendant's quoted objections should be considered together in view of their close relation. By pointing out that the trial court had not charged the jury as to the necessity for knowledge of the presence of the controlled substance, defendant was emphasizing an incorrect portion of the court's charge in which the omitted principle could have been supplied, but without which the jury was erroneously instructed. As to this, defendant did more than was done by defendant in *Pinkerton v. State*, 246 Ala. 540, 22 So.2d 113, wherein it was held that it was error to reverse for the trial court to instruct a jury that false testimony of a witness authorized the jury in its discretion to disregard the remainder of his testimony, in view of the rule that the jury would not be authorized to do so unless the testimony was willfully false as to a material matter. The court said:

"To hold it the duty of counsel for the defendant under the circumstances to have requested a charge in writing correctly stating the applicable rule of law would have placed upon him an unnecessary burden, in view of the well-understood rule that the oral charge prevails over written instructions. Furthermore, no such duty rests upon counsel, as he performed his full duty in calling the attention of the court to the error in the oral charge by duly reserving an exception thereto. We think it was not a matter as to which explanatory charges would be required, and reversible error is not to be avoided in the manner point-

ed out in the opinion of the Court of Appeals."

As previously indicated the Alabama Rules of Civil Procedure are not applicable, but in the absence of specific authority on the point, the soundness of Rule 51 as to the question here presented justifies a consideration of the Rule. By it, disadvantages to the trial court of the automatic exception rule of Title 7, Section 818, of the Code of Alabama 1940 and disadvantages to the parties or their attorneys of "countervailing technical requirements" were eliminated. Lyons, *Alabama Practice*, Rules of Civil Procedure Annotated, Rule 51, Committee Comments. According to Rule 51 "the giving of an erroneous, misleading, incomplete, or otherwise improper oral charge" is subject to an objection and "submission of additional explanatory instructions shall not be required unless requested by the court."

In some cases in which exceptions to portions to the oral charge were held not to have measured up to the requirements of definiteness and that the trial court should not be reversed by reason of the incorrectness of such portions, they were as to tangential or peripheral phases of the case. In this case, it is clear that defendant's grievance, whether expressed in the most accurate language possible or not, was directed at the heart of the case. From the beginning to the end, the case revolved around the hub of knowledge *vel non* by defendant of the presence of marihuana in the marihuana suitcase, of its presence in the amount found, or of its presence in a larger amount sometime while the suitcase was in the possession or custody of defendant. The prosecution in its entirety was centered upon the alleged possession of such marihuana alone. Defendant was entitled to an explicit instruction from the court that in the absence of his knowledge of the presence thereof defendant was not guilty. The instruction as to possession fell short of that to which defendant was entitled. It had the effect of instructing the jury that a guilty verdict was warranted even though defendant had no knowledge of the presence of marihuana.

We are greatly appreciative of the many other extraordinarily troublesome features of this case and of the skill with which the experienced and able trial judge steered the case unerringly through them. With the evidence before us in the record, but not a part of the transcript of the testimony presented to the jury, pointing persuasively to guilt of the defendant as an active participant in iniquitous illegal traffic in drugs, we regret the necessity for a reversal for the error indicated.

The foregoing opinion was prepared by Supernumerary Circuit Judge LEIGH M. CLARK, serving as a judge of this Court under Section 2 of Act No. 288 of July 7, 1945, as amended; his opinion is hereby adopted as that of the court. The judgment below is hereby

Reversed and remanded.

All the Judges concur, except DeCARLO, J., who dissents.