Selling cocaine; six years.
On January 24, 1980, two undercover officers of the Montgomery Police Department made a buy of a substance identified at trial as cocaine from appellant and one Bob Holmes, alias Boy Mays. At trial, both police officers identified appellant as the person who participated in the sale. Testifying in his own behalf, appellant denied that he was present on the evening in question, that he had ever seen the officers, or that he had sold the cocaine.
 I
Appellant contends that the trial court erred when it denied his request to inspect and use, for cross-examination purposes, the written incident report made by Montgomery police officer Willie Lewis Echols. Appellant's trial attorney argued that as a matter of due process he was entitled to see the report to determine whether there were inconsistencies between it and Officer Echols' testimony on the stand.
It is clear that the defense has the right to examine a memorandum used by the witness on the stand to refresh his recollection, Cooks v. State, 50 Ala. App. 49, 276 So.2d 634, cert. denied, 290 Ala. 363, 276 So.2d 640 (1973). Here, although the officer testified that he had reviewed the report prior to his testimony, he did not have the memorandum with him while he testified nor did he use it on the stand to refresh his recollection. Under these circumstances, the defense was not entitled to examine the writing in question. See Russell v.State, 365 So.2d 343 (Ala.Cr.App. 1978); Cooks v. State, supra.
 II
Appellant claims that his cross-examination of Officer Echols was unduly restricted when the trial court sustained the State's objection to the following questions:
 "Q. [By defense counsel] Now Steve Schmitt, my partner, has been sitting here in the courtroom with me. What color pants did he have on? *Page 197 
"MS. Brooks: [Assistant District Attorney] Objection.
"THE COURT: Sustained.
 "MR. HORNSBY: Your Honor, I have a right to test this witness's memory.
 "Q. I'll ask you: My partner who was sitting here just a minute ago, what color coat did he have on?
"MS. BROOKS: Objection.
"THE COURT: Sustained.
"Q. What color hair did he have?
"MS. BROOKS: Objection.
"THE COURT: Sustained.
"MR. HORNSBY: No further questions."
Although it is permissible to interrogate a witness on cross-examination about irrelevant matters in order to test his memory or power of observation, the latitude of the questioning rests "largely, if not exclusively within the sound discretion of the trial court," Cox v. State, 162 Ala. 66, 50 So. 398
(1909); Wright v. State, 49 Ala. App. 539, 274 So.2d 95 (1973). In view of counsel's prior extensive cross-examination of the officer regarding his ability to recall the events on the night in question, we do not believe the court's rulings here manifested an abuse of discretion.
 III
During appellant's cross-examination of the forensic witness who identified the controlled substance as cocaine, counsel began reading from a book on drug testing methods, and the trial court sustained the State's objection.
Although a witness may be cross-examined from a learned treatise, the proper predicate must first be established, seeSmarr v. State, 260 Ala. 30, 68 So.2d 6 (1953); C. Gamble,McElroy's Alabama Evidence § 258.01 (3) (3d ed. 1977). Here, there was no predicate and the ruling was proper.
 IV
Appellant insists that the trial court erred by permitting the State, on re-direct examination of Officer Echols, to elicit the details of a conversation between Officer Echols and Bob Mays, out of the hearing of the appellant, in which Mays referred to the appellant as "Coke Man." The record indicates, however, that the conversation was first brought out by appellant's counsel on cross-examination of Officer Echols.
If one party proves part of a conversation, the opponent is entitled to prove the remainder of the conversation. Stockardv. State, 391 So.2d 1060 (Ala. 1980); C. Gamble, McElroys'sAlabama Evidence § 316.01 (3d ed. 1977). There was no error here.
 V
Appellant argues that the trial court erred by failing to exclude a non-responsive answer. During appellant's cross-examination of Officer Echols, the following occurred:
 "Q. [By defense counsel] What caused you to stop that night on Traction Avenue?
 "A. Well, that particular night we knew drugs were being sold up there. We knew —
 "MR. HORNSBY: Objection and move to exclude what he knew, Your Honor.
"THE COURT: Overruled. He's answering your question.
 "MR. HORNSBY: My question is: Why did you stop? That wasn't in answer to that question, respectfully.
"Q. Why did you stop?
 "A. We knew drugs were being sold in that particular area and —
 "MR. HORNSBY: We now move to exclude that particular answer as not being responsive to the question, highly prejudicial and move for a mistrial.
 "THE COURT: Overrule your objection. Motion for mistrial is denied."
The trial judge is required to rule only on the stated grounds for an objection, and grounds not stated are deemed waived. Rogers v. State, 53 Ala. App. 573, 302 So.2d 547 (1974). A specific ground of objection waives all other grounds, Wardv. State, 376 So.2d 1112 (Ala.Cr.App.), cert. denied,376 So.2d 1117 (Ala. 1979). *Page 198 
Although the answer may have been inadmissible for another reason, it was responsive to the question asked, and the trial court was not in error by overruling the motion to strike out and denying the motion for mistrial.
 VI
Appellant asserts that his requested charges on entrapment were erroneously refused. However, the defense of entrapment is not available to an accused who denies that he committed the offense charged. McCarroll v. State, 294 Ala. 87, 312 So.2d 382
(1975).
 VII
Appellant complains of error in the refusal of his written requested charge concerning the jury's rejection of the testimony of a witness who willfully testifies falsely to a material fact. Appellant, however, did not object, with a statement of supporting grounds, to the refusal of the charge, and there is no longer an "automatic exception" to the refusal of written charges, Allen v. State, 414 So.2d 989 (Ala.Cr.App., 1981).
Appellant also contends that the trial court's oral charge on the same subject was erroneous because it omitted the word "willfully." While it is true that only the testimony of awillfully false-swearing witness may be disregarded, Pinkertonv. State, 246 Ala. 540, 22 So.2d 113 (1945); Crumpton v. State,402 So.2d 1081 (Ala.Cr.App.), cert. denied, 402 So.2d 1088
(Ala. 1981), counsel must, in order to preserve the error for review, except to the court's oral charge and point out specifically the matter complained of before the jury retires,Pinkerton v. State, supra; Crumpton v. State, supra.
The objection must "select and recite what the court said, and thus specifically bring to the attention of the trial court" the error in the oral charge. Burns v. State,57 Ala. App. 281, 327 So.2d 920 (1975), cert. denied, 295 Ala. 423,327 So.2d 927 (1976). Here, in the absence of an objection to the court's instruction regarding the credibility of witnesses, no error was preserved.
 VIII
Appellant maintains that the court erred by refusing his requested charge concerning the good character of the accused. The record, however, contains no evidence of appellant's character, good or bad.
One witness testified that he had never known appellant to possess or sell cocaine, but this testimony was not evidence of character, which is provable, as a general rule, only by evidence of general reputation. C. Gamble, McElroy's AlabamaEvidence § 27.01 (3d ed. 1977).
In the absence of any evidence of appellant's character, the charge was abstract and its refusal was not error. Howard v.State, 340 So.2d 838 (Ala.Cr.App.), cert. denied, 340 So.2d 840
(Ala. 1976).
 IX
Appellant complains of error in the overruling of his objections to certain remarks made by the State in opening argument. The argument, however, is not recorded and we are unable to determine its content or effect. See Williford v.State, 365 So.2d 1257 (Ala.Cr.App. 1978), cert. denied,365 So.2d 1258 (Ala. 1979).
We have searched the record for error and have found none. The judgment of conviction by the Montgomery Circuit Court is therefore affirmed.
AFFIRMED.
All the Judges concur. *Page 199